PHILOMATH COLLEGE, APPELLANT, *v.* E. HARTLESS, RESPONDENT.

CONSIDERATION—WHEN PROMISE MADE FOR A PUBLIC OBJECT WILL BE ENFORCED.—While a naked promise to pay money for a public object cannot be enforced for want of consideration, yet if the promise itself or any other promise upon which it is founded contains a request, or that which can be construed as a request, to those representing the institution for whose benefit the promise is made, to do any act or to incur any expense, or to undergo any inconvenience, and such institution does the act or bears the expense or submits to the inconvenience, this request and performance on the behalf of the institution is a sufficient consideration to support the promise.

APPEAL from Benton County.

This action was brought by Philomath College for the collection of a promissory note executed by Hartless, the respondent, for seven hundred and sixty-four dollars and interest. It is alleged that the note was for a valuable consideration; that prior to its execution Hartless had induced the college corporation to purchase a large quantity of land, and to erect a college building thereon, and to expend large sums of money upon his promise that he would pay the college one thousand and five hundred dollars, and that the note in question was given in settlement of that promise.

Hartless denied that there was any consideration for the note, but alleges that in executing it he intended to make a gift of the sum expressed in the note for the endowment of the college.

The cause was tried by the court below without the intervention of a jury, and the following findings rendered, to wit:

1. That about the middle of the month of March, A. D. 1865, the defendant, with others, signed a paper, in writing, as follows:

"STATE OF OREGON,
"County of Benton.

"We, the undersigned, severally agree to pay annually, for five years ensuing, the amount placed opposite our names, as appended below, for the purpose of purchasing a tract, viz., the tract owned by David Henderson, for a site for an institution of learning, and for the permanent endowment thereof; payments to be made in coin, and to the order of the board of managers, who may hereafter be regularly chosen to take charge of said institution, and the payments to become due on the first day of May, annually, commencing May 1, 1865. This subscription, together with any property that may be secured, to be offered to the Oregon Conference of the United Brethren church on such conditions as are usual in such cases, provided said church will give it her patronage, and assist us in building up an institution of learning in our midst, and if not accepted by the church aforesaid, this obligation to be void, otherwise to remain in force."

2. That the defendant Hartless signed his name to said writing as follows, "Eldridge Hartless, 300."

3. That the plaintiff is a corporation duly organized under the laws of Oregon, and that it became such corporation the fifteenth day of November, 1865.

4. That the defendant signed his name to the writing or promissory note set out in plaintiff's complaint, on the seventeenth day of June, 1870.

5. That at the time he signed said note he delivered the same to N. W. Allen.

6. That before that time plaintiff had adopted a by-law, creating the office of treasurer in said corporation—the plaintiff.

7. That at the time of the delivery of note to N. W. Allen he was the treasurer of plaintiff.

8. That at said time the plaintiff had no by-law in force, making it the duty of said treasurer to receive promissory notes in his name, or name of his office.

9. That on the first day of May, 1865, the piece of land referred to in the first finding above, was purchased and paid for by a portion of the proceeds of said subscription, and the title thereto was vested by deed in Alfred M. Witham, Julius Brownson, Presley Tyler and T. J. Connor, trustees of Philomath College, and their successors and associates in office on the first day of May, 1866.

10. That on the seventeenth day of June, 1870, the defendant executed the note mentioned in the fourth finding in settlement of the amount then unpaid on the subscription papers set out in the first finding; that the following is a copy of said note:

"$764. COTTAGE FARM, June 17, 1870.

"One year from date, I promise to pay to the treasurer of Philomath College the sum of seven hundred and sixty-four dollars, in United States gold or silver coin, for value received, with ten per cent. per annum from date till paid.

"E. HARTLESS."

That said note has the following words written on the back of it: "E. Hartless, Note, $764, Endowment Fund."

11. That there has been no settlement of said note.

12. That said note was given towards an endowment of said Philomath College, and there was no consideration for the same.

13. That the plaintiff erected a college on the tract of land mentioned in the ninth finding herein, in the years 1866–7, at a cost of about eight thousand dollars, and have kept and maintained a school therein since that time.

14. That said plaintiff has two funds: One known as the "building fund," or "building subscription;" and the other as the "endowment fund;" and that they are kept separate; and said note belonged to the endowment fund.

Conclusions of law: 1. That there was no consideration passed to the defendant for signing said note; 2. That the defendant is entitled to a judgment for costs and disbursements.

In accordance with the findings of law of the court, a judgment was entered in favor of defendant for his costs and disbursements. The plaintiff appeals, and assigns the following errors:

1. The said judgment is not given on the merits, and is a nullity.

2. The court did not find all the issues of fact in said action. His honor, the judge, neglected to find whether or not the appellant was induced by the respondent to incur indebtedness, and create expense at the instance of the respondent, as set out in the reply in said action.

3. The finding of the conclusion of law by the said judge that there was no consideration for the note in suit was unauthorized by the findings of fact.

4. Neither finding of the conclusions of law was justified by the findings of conclusions of fact found by the said judge, and conclusions of law are found as conclusions of fact.

5. The conclusions of fact found by the judge are inconsistent.

*W. B. Higby and Thayer & Williams,* for appellant.

*R. S. Strahan, John Kelsay and F. A. Chenoweth,* for respondent.

By the Court, WATSON, J.:

The errors assigned in this case are in the findings of the court, and its failure to find upon certain issues. Of the five assignments it would be necessary for us, with the conclusion at which we have arrived, to examine only the third and fourth, but that the final disposition of the case requires that we shall also briefly refer to the first, second and fifth. The first is that the judgment was not given on the merits, and is a nullity. We do not agree to this. The action was brought to recover the amount of a promissory note. The answer denied the existence of plaintiff, the execution and consideration of the note, and the conclusion of indebtedness, and set up as a defense that it was intended merely as a gift, and was without consideration. The reply set out what plaintiff claimed to be the consideration. The important questions submitted to the court were whether plaintiff was a corporation, whether the note was executed by defendant, and whether or not there was a sufficient consideration. The court found that plaintiff was a corporation; that defendant executed the note, but that it was without consideration. These findings are sufficient to dispose of the case on its merits.

The second assignment is that the court did not find all of the issues of fact in the action. We think it found every material issue and every fact necessary to the rendition of a final judgment. It found that plaintiff was incorporated, and that defendant signed and delivered the note. It also found what was the consideration; that there was such an officer as the treasurer of Philomath College, and what was done by plaintiff in compliance with the subscription request. These were all the material issues in the pleadings, and only the material issues need be found. (*Fink* v. *Canyon Road Company,* 5 Or. 301.) Counsel for appellant insists that the court did not pass upon the issue made by the allegation in the reply that plaintiff was induced by the request and subscription of defendant to purchase a large quantity of real property and to build a college thereon, and the denial of that allegation which the law presumes. This allegation merely fortifies the allega-

tion in the complaint that the note was made for a valuable consideration by specifying what the consideration was, and was sufficiently passed upon in the finding that there was no consideration, but if it was necessary to find upon it specially, it was fully passed upon by the first, ninth and thirteenth findings, which find the original subscription request the purchase of the land, the erection of the building, and the establishment of the school. The court having found the request and performance, we do not think it was necessary for it to find in words that the one induced the other. It would be presumed. The fifth assignment is that the facts found by the court are inconsistent. No inconsistency has been pointed out to us, and we have not been able to discover any. The third and fourth assignments allege in different language the same error, and will be considered together. They state in substance that the court erred in its conclusion that the facts found did not constitute a valid consideration for the note given by defendant to plaintiff.

These facts are, that defendant with others subscribed an agreement to pay three hundred dollars a year for five years to the board of managers of an institution of learning to be "built up" upon a tract of land described in the agreement; the tract of land to be purchased and the institution to be endowed with the funds so subscribed; the subscription to be tendered to the Oregon Conference of the United Brethren Church, provided that church should give her patronage and assistance in building up an institution of learning so endowed. That after said agreement was signed on the first day of May, 1865, the tract of land was purchased with a portion of the proceeds of the subscription, and the legal title vested in "trustees for Philomath College." That thereafter the plaintiff was incorporated under the name of Philomath College; and from the time of its incorporation acted as the beneficiary of the subscription, built a college building on the land at the expense of about eight thousand dollars, and has ever since kept and maintained a school therein; that the defendant long after the plaintiff was incorporated and commenced to

act as the beneficiary and administrator of the subscription and its proceeds, in part payment of the sum subscribed by him, executed and delivered to the treasurer of plaintiff the note in dispute.

If these facts constitute a sufficient consideration for the note, plaintiff is entitled upon the findings of fact before us to a judgment. On the other hand if they do not constitute a sufficient consideration for the note, the judgment of the court below in favor of defendant is correct, and should be affirmed. The court below found that the note was given to the "endowment fund," and seemed to have adopted the theory that a note given for the "endowment" of an institution of learning is without consideration, and cannot be enforced. The question is a new one in this state, and it is important that it shall be correctly decided, for the reason that many of our institutions of learning are supported by the interest upon notes given for their endowment, and if such notes cannot be enforced their revenues may be diminished, and their usefulness impaired. The law should be settled in order, not only that those already established may be provided with other means of support, but that others may not be founded upon endowments of void and worthless promises.

At first view it would seem that when a person signs his name to a promise to pay money, or to convey property to an institution of learning, the public advantage and the fact that others have been induced by their reliance upon his co-operation to give their money and property to the same object ought to be a sufficient consideration; but the courts, acting upon the principle that every promise to be enforced must have a good or valuable consideration to uphold it, have held that something more than the naked promise to give is necessary, and that the public advantage is not of itself a sufficient consideration to support a promise. (*Trustees of Hamilton College* v. *Stewart*, 1 N. Y. 681; 2 Pick. 80.) Yet while the courts rather than violate an old and established rule of law hold that a naked promise to pay money for a public object cannot be enforced for the want of a consideration, they have also decided with great una-

nimity, that if the promise itself, or any other promise, upon which it is founded contains a request, or that which by any fair construction can be construed as a request to the trustees, or others representing the institution for whose benefit the promise is made, to do any act, or to incur any expense, or to undergo any inconvenience, and such institution does the act, or incurs the expense, or submits to the inconvenience, this request and performance on the behalf of the institution, is a sufficient consideration to support the promise. (*Barnes* v. *Perine,* 12 N. Y. 18; 5 Am. Rep. 51; 20 Johns. 89; 40 Ill. 379.)

Applying these principles to the facts in this case, we are of opinion that the agreement set out in the first finding implies a request to the managers of the institution of learning to be founded to purchase the tract of land therein described, and to establish thereon an institution of learning.

The findings also show that Philomath College, the plaintiff herein, was founded and incorporated in order to comply with the request, and that plaintiff has in further compliance built a building at a great expense, and maintained a school therein. The defendant in giving his note to the treasurer of plaintiff, after plaintiff's incorporation, in payment of the balance of his subscription, recognized plaintiff as the institution built up in accordance with the subscription, and as the beneficiary of the subscription. We are, therefore, of the opinion that there is a sufficient consideration for the note in dispute. An objection was made in the argument by respondent's counsel that a college could not be incorporated at the time plaintiff is found to have been incorporated, under the first section of the act of 1864, entitled " An act providing for the incorporation of churches and religious and benevolent societies." We do not think there is anything in the objection. Even if the respondent here could raise the objection, we are of opinion that plaintiff was legally incorporated under that act as a literary society.

We are of the opinion, also, that the note given to the treasurer of the corporation inured to the benefit of the corporation.

It follows from the views expressed in this opinion that the judgment of the court below must be reversed, and this action be remitted to the court below, with direction to enter its judgment upon said findings in favor of the plaintiff for the amount due upon said note, with interest.