## IBA v. CENTRAL ASSOCIATION OF WYOMING.

EJECTMENT — MINERAL LOCATION — ADVERSE CLAIM — PLEADING — ANSWER — NEW MATTER — REPLY — JUDGMENT ON PLEADINGS.

1. No reply is required to an answer in ejectment, which denies the allegations of plaintiff's ownership and right to possession, and avers title and right in defendant.

2. No reply is required to an answer, if the legal effect of its allegations is a mere denial of the averments of the petition, or if the facts so alleged in the answer could have been shown under a general denial.

3. In actions to recover real property, a general denial is sufficient to let in any legal defense.

4. New matter in an answer is that, which, for the purposes of an affirmative defense, admits that all the material allegations of the petition are true, and consists of facts not alleged therein which destroy the right of action and defeat a recovery.

5. In proceedings, in courts of a State, to determine the right of adverse claimants to mineral locations, pending application for patent, in pursuance of the provisions of Section 2326, Rev. Stat. U. S. and amendments, the rules of pleading and the methods of procedure of the State must be followed.

6. In such actions the ordinary rule that plaintiff must recover upon the strength of his own title, and that otherwise the defendant is entitled to a judgment, does not govern, as the matter to be determined is that either plaintiff or defendant has the title, or that neither of them has it.

7. In such a proceeding an answer does not contain new matter which denies the plaintiff's possession or right to it, and alleges title in defendant, and a compliance, by him, with the laws and regulations relating to mineral claims; and such allegations will not be taken as true in the absence of a reply.

8. Such facts may be proven under the general denial; and if successfully proven, under general denial defendant's right may be adjudged.

9. In such action, upon trial, the court or jury must find, and the judgment must show which, if either party, is entitled to the property; and if it is found that neither has shown a right thereto, the judgment must so state.

10. The Act of Congress, aforesaid, does not confer jurisdiction upon State courts not already possessed, nor does it prescribe a different form of action; the character of the finding and judgment only is regulated by it.

11. In an action brought in pursuance of said federal statute, the court is not at liberty to find every material fact upon which a patent would be authorized, or which shows a right to possession, without proof of any of those facts.

[Amended petition filed in District Court November 30, 1892. Decided May 29, 1895. Rehearing denied October 25, 1895.]

ERROR to District Court for Laramie County. HON. RICHARD H. SCOTT, Judge.

Action for recovery of possession of certain lands, located as an oil placer claim, in support of an adverse claim filed in the United States Land Office at Douglas, Wyoming, in opposition to the application by defendant for a patent. Judgment was entered for defendant upon the pleadings. Plaintiff prosecuted error. The material facts are stated in the opinions.

: *E. W. Mann*, for plaintiff in error.

It is improper to render a judgment upon the pleadings in an action involving title and right to possession of real estate. (Friend v. Oggshaw, 3 Wyo., 60; R. S., sec. 2517, 2567, 2987, 2988.) Judgment could be rendered upon the pleadings only by entirely disregarding the amended petition.

The second defense did not contain new matter. All the facts therein alleged could have been proven under the denials in the first defense. (Chester v. Field, 87 Cal., 422.) The matters stated in petition and answer could not both be true. The judgment upon the pleadings was erroneous. (Watkins v. R. R. Co., 4 L. R. A., 239; Rice v. Bush, 16 Colo., 484; Widmer v. Martin, 87 Cal., 88; Martin v. Porter, 67 id., 332; Horsky v. Moran, 13 Mont., 250.) Findings of fact cannot be made in a case where judgment is rendered on the pleadings. (Miles v. McCallum, 1 Ariz., 591.) In an action to determine the right of adverse claimants, pending application for a mineral patent, neither party is entitled to judgment unless his title be established. (Becker v. Pugh, 17 Colo., 243.) A judgment upon the pleadings is therefore not contemplated. (Gwillen v. Donnellan, 115 U. S., 45; Wolverton v. Nichols, 119 id., 485.)

*Baird & Churchill,* for defendant in error.

Upon failure of plaintiff to reply, the court properly rendered judgment upon the pleadings. (R. S., sec. 2468; Walker v. Lamb, 66 Ia., 752; Kavalier v. Machula, 77 id., 121; Ins. Co. v. Kelly, 24 O. St., 345; Corey v. Campbell, 25 O. St., 134; Fewster v. Goddard, 25 id., 276; Benicia, etc., v. Creighton, 21 Or., 495; Brown v. Reddy, 20 S. W., 1036.) In this kind of action the defendant must prove his case as though he were a plaintiff. (Jackson v. Roby, 109 U. S., 44.) He must therefore allege his title affirmatively. (Rosenthal v. Ives, 2 Idaho, 244.) There must be specific findings. (Bryan v. McCaig, 10 Colo., 310; Manning v. Strehlow, 11 id., 45; McGinnis v. Egbert, 8 id., 55.) Cross petition must therefore be replied to. (Newman v. Newton, 14 Fed., 634; Quimby v. Boyd, 8 Colo., 194.) To permit a default for reply to be opened is within the sound discretion of the court. (McMillan v. Baxley, 112 N. C., 578; Williams v. King, 20 S. W., 229; Bank v. Blake, 66 Me., 285; Mayberry v. Brackett, 72 id., 102; Carson v. Neathany, 9 Colo., 212; Powell v. R. R. Co., 14 Or., 22; Mora v. Leroy, 58 Cal., 8; Miller v. Heath, 7 Cow., 101; Pattin v. Harris, 10 Wend., 623; Perkins v.

Burbank, 2 Mass., 81; Lowry v. Inman, 37 How. Pr., 286; Bonnifield v. Price, 1 Wyo., 172.) The act of congress does not create a new class of cases. Mining Corp. v. Min. Co., 9 Nev., 240; Mattingly v. Lewisohn, 13 Mont., 508.

On petition for rehearing the following additional authorities were cited: Dutch Flat Wat. Co., 12 Cal., 534; 1 Am. & Eng. Ency. Pl. & Pr., 785; Boone Code Pl., sec. 185; Van Duyn, 45 Ind., 589; Wicks v. Smith, 18 Kan., 508; Winslow v. Winslow, 52 Ind., 8.

GROESBECK, CHIEF JUSTICE.

This action was brought in the district court for Natrona county, and was removed upon change of venue to the district court for Laramie county. The amended petition of the plaintiff below, who is plaintiff in error here, alleges the citizenship of plaintiff; that defendant is a domestic corporation; that the plaintiff, except against the paramount title of the United States, is the legal owner of the southwest quarter of section 13 of township 40 north of range 79 west, in Natrona county in the State of Wyoming, and under and by virtue of a compliance on his part with the laws of the United States, the State of Wyoming and the rules and regulations of the Casper Mountain Mining District, within the limits of which the premises are located, in relation to mineral lands of the United States, the plaintiff is entitled to the possession thereof; and that he was such owner on the first day of February, 1892, and had been for a long time prior thereto, and has ever since been entitled to the free and full possession thereof; that on or about the date last aforesaid, the defendant by its agents and employes entered upon and took possession of said premises, wrongfully and without the consent of plaintiff, and wrongfully and unlawfully interferes with the possession of the plaintiff, and prevents his free and full possession thereof, and wrongfully withheld and still withholds the possession thereof from the plaintiff to his damage in the sum of one thousand dollars; that on or about the 1st day of February, 1892, the defendant herein filed his application for a patent for said above described premises, calling

the same the Jackass Oil Placer Mining Claim, in the United States Land Office' at Douglas, Wyoming; that afterwards, within the period of publication as required by law, the plaintiff filed in said land office his protest and adverse claim against the issuing of a patent to said premises to the defendant, and brings the action to support said adverse claim; that plaintiff has necessarily disbursed in support of his adverse claim certain specific sums for the expense of preparing it. He therefore prays judgment against the defendant for the recovery of the full and free possession of said premises, for the sum of $1,000.00 damages and for the sum of $87.00 expended in support of said adverse claim, and for costs of suit.

The answer of the defendant admits its corporate existence, denies the allegation of citizenship for lack of sufficient knowledge to form a belief as to the truth or falsity of such allegation, and specifically denies each of the remaining allegations of the petition, admitting, however, the filing of the application for a patent for the oil placer mining claim, and the filing of the protest in the land office against the issuance of a patent to defendant, and denying for lack of sufficient knowledge thereof the alleged disbursements of plaintiff in the matter of making his protest and adverse claim. For a second defense and cross petition, defendant alleges its title, except as to the paramount right of the government to the premises by virtue of its compliance with the acts of congress and State and local regulations, and its ownership and possession of the lands, and prays judgment against the plaintiff that its title to said realty be freed and cleared of any and all claims of the plaintiff, and for costs. As required by our statute, both of these pleadings are verified. No reply or answer to the defense or "cross petition" was filed by the plaintiff. The cause was continued and leave was given to plaintiff to take depositions in term time. Plaintiff asked for permission to file a reply to the answer after the time had expired therefor, which was denied by the court, and upon motion of the defendant, judgment was rendered upon the pleadings in favor of the defendant, and certain findings of

fact based upon the answer or cross petition of defendant were made by the court, over the objections of plaintiff. A motion was made to set aside the order for judgment upon the pleadings, upon a number of grounds most of which are waived as not insisted upon in the petition in error, and the sole contention is upon the action of the court in rendering judgment upon the pleadings.

The proceedings were instituted under the provisions of section 2326 of the Revised Statutes of the United States, requiring the party filing the adverse claim in the land office to commence proceedings in a court of competent jurisdiction within thirty days after filing his adverse claim and to prosecute the same with reasonable diligence.

It has been held that ejectment is the proper form of proceeding in such actions, Becker v. Pugh, 9 Colo., 589, and that the suit is one at law and not in equity, Burke v. McDonald, 13 Pac., 351, and that the parties have the right of trial by jury, Manning v. Strehlow, 11 Colo., 451. It is provided that if, in any action brought pursuant to section 2326 of the Rev. Stat. U. S., title to the ground in controversy shall not be established, the jury shall so find, and judgment shall be entered according to the verdict, and in such case costs shall not be allowed to either party, and the claimant shall not proceed in the land office or be entitled to a patent for the ground in controversy until he shall have perfected his title. 21 U. S. Stat. at Large, p. 505. Under this act the rulings are that each party is practically a plaintiff and must show his title; that there can be no non-suit, but that if neither show title the verdict must be special, and the title, of course, remains in the United States so far, at least, as the litigating parties are concerned. Jackson v. Roby, 109 U. S., 440; Rosenthal v. Ives, 2 Idaho, 244. Under the section cited, upon the filing of the adverse claim all proceedings in the land office are suspended until the determination of a court of competent jurisdiction is reached, or until it is shown that the adverse claimant has not brought suit upon his adverse claim within the time fixed by law.

It has been held that where a defense is interposed setting

up the claim of ownership or title in the defendant, a replication must be filed, or the plaintiff will be entitled to judgment on the pleadings. Newman v. Newton, 14 Fed., 634. In this case it was sought to vacate a judgment for the defendants for want of a replication, in an action in ejectment to recover a certain mining claim, which was refused, and the reason for the decision appears in the opinion of Judge Hallett to be based upon the peculiar provisions of the Colorado Code of Civil Procedure; and in ejectment for a mining claim, where defendant sets up title in himself, the plaintiff must reply. These provisions quoted from in the opinion are that the defendant may deny the allegations of the complaint or disclaim any interest in the premises, and that "the answer may also state generally, as in the complaint, the character of the estate in the premises, or any part thereof, which the defendant claims, or any right or possession or occupancy he claims." Our code is entirely different in this respect. It provides that in actions to recover realty, "it shall be sufficient, if the defendant in his answer deny generally the title alleged in the petition, or that he withholds possession; but if he deny the title of the plaintiff, possession by the defendant shall be taken as admitted." Rev. Stat., sec. 2988. In Ohio, where provisions of the civil code of procedure identical with those of our code are quoted, it was held that in an action under the code for the recovery of real estate, whereof the legal title is in the plaintiff, a defense grounded on an equitable title and right of possession under it in the defendant can be set up and must be pleaded, and that a general denial of the plaintiff's title merely would not let in testimony of such equitable estate. Powers v. Armstrong, 36 O. S., 357. But where the answer in such actions denies the title alleged in the petition, other defenses in the answer setting up title in the defendant are not material, as the questions thus sought to be presented properly arise on the trial under the general denial of the title of the plaintiff. Rhodes v. Gunn, 35 O. S., 387; Kyser v. Cannon, 29 O. S., 359; Mehurin v. Stone, 37 id., 49; Wintermute v. Montgomery, 11 O. S., 442. It has been held otherwise, Davis v.

Clark, 2 Mont., 310; Newman v. Newton, supra; but these adverse decisions are probably based on peculiar statutory provisions. In Kansas, where the code provision is similar to that of Ohio and ours, under a general denial, defendant may prove a paramount title in himself, where such title carries with it a right of possession, whether it is legal or equitable. Clayton v. School Dist., 20 Kans., 256.

If the legal effect of the allegations in an answer is a mere denial of the averments in the petition, or where they could have been shown under a general denial, a reply is not necessary. Dayton Ins. Co. v. Kelly, 24 O. S., 345; Corry v. Campbell, 25 id., 134; Ferguson v. Tutt, 8 Kans., 370; Bliss Code Pleading, 396, and cases cited. It is apparent that like a general denial in replevin, under the code, a general denial in an action for the recovery of realty thereunder is sufficient to let in any legal defense, such as paramount title in the defendant or in a third person. It has been a matter of some contention that an action in the nature of one in ejectment, would permit a plaintiff to enforce an equitable right or estate. It is sufficient for him under our code to state in his petition, that he has a legal estate in the premises, and is entitled to the possession thereof, and it may be asserted that in a suit like the one at bar, the paramount title being in the United States, and so admitted in the pleadings, that the prevailing litigant has nothing more than an equitable estate or the right to the legal title, upon his compliance with the local rules of miners and the national and State statutes relating to the location of working and obtaining title from the government to the mining claim. The "legal estate" which the plaintiff may allege that he has, may comprehend any estate known to the law, and it seems that the early cases have decided that a plaintiff may recover upon his possessory title alone where no better is set up by the defendant. Ludlow v. Barr., 3 O., 407; Abram v. Will, 6 O., 164; Devacht v. Newsam, 3 O., 57. But the act of congress must govern the final disposition of the case, in order that the land officials may proceed as directed by that statute. The judgment of the court must be filed in the land office, and until that is done, or

a showing is made that the adverse claimant has not brought his suit within the time limited by statute or has not prosecuted the same with diligence, all proceedings are stayed in the land office. The act of congress of 1881 directs a finding by the jury in case title to the ground shall not be established by either party, and the claimant for the patent, the defendant in the action, can not proceed in the land office or be entitled to a patent for the ground in controversy until he shall have perfected his title. So then the ultimate result of a suit is a finding that the plaintiff has the exclusive right and title, save only as to the legal title of the government, or that the defendant has the same title, or that neither of them has it. When the relief is afforded by the courts of a State, the rules of pleadings and the methods of procedure of the State must be followed, yet the matters settled ought to be under the provisions of the Federal statute, or the relief will be wholly inadequate and nothing might be determined that would be of advantage to either litigant or the government. The ordinary rule in such actions that the plaintiff must recover upon the strength of his own title, and that otherwise the defendant is entitled to judgment, does not govern in these actions where application for patent to mining claims has been made, an adverse claim has been filed thereto, and the matter is transferred to a court of competent jurisdiction for determination where not only the title of the parties to the controversy is to be settled but the rights of the government as against either or both of the parties is to be determined, that is, that the plaintiff has the title, or that the defendant has it, or that neither of them has it. The term "title" is used, although it is assumed that the government holds the title until the patent issues, but the grant having been made to the locator of a mining claim who perfects the location by performing the annual work thereon prescribed by law, the government in its statutes and by its practice considers such locator entitled as of right to a patent therefor upon proper proof of location, working, the expenditure of labor and material thereon, to a certain amount, where

no contest arises over the location, and even then when his claim is established by suit.

The defendant must introduce evidence directly and affirmatively establishing his claim and an instruction in such case that plaintiffs should prove their case by a fair preponderance of the evidence, and if the evidence was equally balanced the defendant must recover was held erroneous. Becker v. Pugh, 29 Pac., 173. The ordinary rule in ejectment under our statute that the defendant may establish his paramount claim or title under a general denial or specific defense is changed by the direction of the act of congress that he must do so. The reasons for these distinctions between this class of action and others are obvious. The whole proceeding in the government land office is stayed upon the filing of the adverse claim to the application for the patent, until the rights of the parties and those of the government are judicially determined. If one of the parties litigant establishes his claim, it must be so found, if neither, that finding must be made. Before the government passes its title, there must be an application for a patent, and this notice must be published in the newspaper nearest the claim for the statutory period, and the claim must be described accurately, according to its location and survey, so that the public may know what land is covered by the application and in order that those having or claiming to have adverse rights may be protected and enforce them if they choose by filing an adverse claim, and by seeking to enforce such a right in the courts. In this case, the parties are compelled to institute proceedings in the State courts, as they are both considered as residents or citizens of this commonwealth, and where the jurisdiction of the State court is not challenged it should proceed to administer justice between the parties and the government, according to the national statutes. The petition in this case sets forth the fact of the application for patent by defendant, that plaintiff contested this right by filing his adverse claim, and now seeks to enforce his right by proceeding in a court of competent jurisdiction. The defendant specifically denies his possession, or right to it, or his compliance with the Federal

statutes, local laws and rules of miners; alleges such compliance on its part in order to perfect its claim, and it further seeks to quiet title by filing a so-called cross petition wherein no new matter is pleaded, and where the relief sought would be unavailing, as it would not be decisive of his rights in the land office.    Defendant insists that all the matter alleged in his so-called cross petition is "new" and not being controverted by a reply or answer, must be taken as true, under familiar provisions of our code.    But the petition sets up the claim of the defendant and its attempt to secure a patent, and the contest of the application by filing an adverse claim by the plaintiff.    If, under our code, all of the allegations of the answer could have been pleaded as a defense, either as a distinct defense or under the general denial, it is difficult to see how this "cross petition" of the defendant can be considered as new matter, or anything further than a matter in bar of the plaintiff's recovery.    We do not think that the answer required a reply, as it did not contain new matter. An attempt is made to quiet the title, but it is doubtful if the defense can be so considered.    The title to the premises is not vested in the defendant or in the plaintiff, and the matter in controversy is the right to the exclusive possession, upon which the ultimate title, the patent from the government depends.

It does not seem possible that where one party alleges the exclusive right of possession in certain realty in himself, and another in himself, that judgment can be rendered on the pleadings.    Even in an action to determine the right of possession to a mining claim, the failure of the court to find as to the citizenship of the party for whom the judgment is rendered is error although the citizenship of the party was admitted by the pleadings.    Rosenthal v. Ives, 2 Idaho, 243.

And it has been held in Ohio, where the code is identical with ours, that in an action not founded on contract express or implied, the verification of the petition does not prima facie embrace or determine the amount of recovery and it is error to enter judgment thereon without evidence of amount or value; and this cause was for services rendered to a de-

cedent during his lifetime by his daughter, the executor being sued. Pollock v. Pollock, 2 Oh. Cir., 143. The code provides that every "material" allegation of new matter in the answer not controverted by the reply, shall, for the purposes of the action be taken as true, but the allegations of value or of amount of damage shall not be considered as true by failure to controvert them. A material allegation in a pleading is one essential to the claim or defense which could not be stricken from the pleading without leaving it insufficient. Rev. Stat., secs. 2468-9. The defense set up in the answer was not new matter requiring a reply, and although it is termed a cross petition and seeks to eject an equitable defense for affirmative relief, it can not be so considered. It is based evidently upon our code provision permitting an action to be brought by one in possession, either by himself or tenant, of real property, against one who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest. A distinction is made between ordinary actions under such a provision and proceedings instituted under the act of congress to determine the right and title of the claimants for patent. Wolverton v. Nichols, 119 U. S., 485. The action to quiet title is allowed where the application for patent is not resisted, as in case of the location of a lode claim, within the limits of a placer claim, after an application for patent for the latter has been made, and the lode claim was not known to exist at the time of the application for the patent. Dahl v. Raunheim, 132 U. S., 260. But in such a proceeding as this where the plaintiff seeks to establish a claim paramount to that of the defendant who has applied for a patent, it is doubtful if the right of the defendant could be asserted to have the title quieted, as the relief to be obtained in a suit at law is adequate, and the determination of the controversy settles the rights of either party or the rights of neither. The question is narrowed to the absolute right of either party to the premises in dispute, and nothing further ought to be permitted in the pleadings. A judgment on the pleadings ought to be sustained unless the pleadings are insufficient to sustain a different judgment notwith-

standing any evidence which might be produced. Rice v. Bush, 16 Colo., 484. A single material issue precludes a judgment on the pleadings. Widmer v. Martin, 87 Cal., 78; Horsky v. Moran, 13 Mont., 250.

The court below made findings of fact upon the allegations of the answer alone, but this was erroneous, while the allegations of the plaintiff's petition were of as much force. Miles v. McCallam, 1 Ariz., 491. Such findings of fact should have been supported by evidence in a case of this character.

Some contention is made because the plaintiff in error filed a motion to set aside the judgment instead of for a new trial, but we think this was the proper course; as there was no examination of the question of fact at issue in the pleadings, that the plaintiff was the owner, the defendant denying this and asserting its ownership. There was no trial on these issues and no motion for a new trial was necessary.

The judgment of the district court for Laramie county is reversed and the cause is remanded for trial.

*Reversed.*

· CONAWAY and POTTER, JJ., concur.

---

### ON PETITION FOR REHEARING.

POTTER, JUSTICE.

This case was originally submitted upon briefs, and the decision of this court was rendered reversing the judgment of the district court and remanding the case for trial. A motion for rehearing having been filed, in view of the somewhat important questions of practice to be determined, an oral argument was requested by the court. The points involved have been ably presented by counsel; and we have again given them careful thought and consideration.

The facts are stated in extenso in the former opinion of Groesbeck, C. J. It will, therefore, be sufficient at this time to advert very briefly to the matter in controversy.

Defendant in error applied at the United States Land Office for a patent to a certain placer mining claim; the plaintiff in error filed an adverse claim, and within the period required by the statutes of the United States commenced this

suit in the district court, to determine the question of the right to possession. (U. S. Rev. Stat., sec. 2326.) All the material averments requisite in such a case were contained in his petition, including an allegation of citizenship, ownership of the ground in controversy, and right to its possession, a full compliance with the laws of the United States and this State, and the rules and regulations of the mining district, the application of defendant for patent, and the filing of the adverse claim. It was also averred that defendant was in wrongful possession of the land. The defendant filed its answer specifically denying the material allegations of the petition, except its own corporate existence; and for a second defense and cross petition alleging ownership and right to possession in itself, as well as its actual possession, a full compliance on its part with the laws and rules in relation to mining lands, and ending with a prayer that its title to said real estate be quieted as against the plaintiff. No reply was filed to this second defense, and on motion of the defendant, which was resisted by plaintiff, the court rendered judgment upon the pleadings, assuming the allegations of the second defense to be admitted in default of a reply, and entered a judgment in favor of defendant, specifically finding as true the material facts alleged in said defense.

Did the court err in thus rendering judgment upon the pleadings? It may be asserted as a primary proposition, and we take it to be conceded, that unless a reply was necessary there existed no authority for such a judgment.

If this suit was an ordinary one to recover possession of real estate, the plaintiff alleging ownership and right to possession, and the defendant not only denying the claims of plaintiff, but averring ownership in himself, it is clear that no reply would have been required. In such a case these allegations of the answer would amount merely to a denial of the claim set up by the plaintiff. Such ownership could have been shown under a general denial. This is sufficiently demonstrated in the former opinion. It is, however, urged with much earnestness that a different rule prevails in a controversy of this character, by reason of the peculiar pro-

visions and requirements of the United States statute. The amendment to section 2326, U. S. Rev. Stat., enacted in 1881, provides that, if title to the ground in controversy shall not be established by either party, the jury shall so find, and judgment shall be entered according to the verdict, and it is now settled that upon the trial the court or jury must find, and the judgment must show which party if either is entitled to the property; and if is found that neither of the parties has shown a right thereto, that must be found and the judgment must so state.

In view of this, it is insisted that the allegations of the second defense in the answer constitute new matter which must be replied to or they will stand admitted; and that it is absolutely essential to protect its own rights, and authorize a finding and judgment in its favor establishing its title to the ground, that an affirmative pleading of this kind should be filed by the defendant. That, if the defendant is required to plead his own title, it thereby perforce becomes new matter; that defendant cannot rely upon the weakness of the plaintiff's title, but can obtain the relief demanded in such a case as this only by showing his own title, notwithstanding that the plaintiff fails to make such a showing as to authorize a judgment in his favor. This, we believe, is a fair outline of the contention of counsel for defendant in error. It is not urged, as we understand it, that a reply is demanded to anything which is not new matter, but that the answer contains new matter.

The law of congress, in pursuance of which this and kindred actions are brought, confers no additional jurisdiction upon State courts. "The object of the law" . . . . "was to require parties protesting against the issuance of a patent to go into the State courts of competent jurisdiction and institute such proceedings as they might, under the different forms of action, therein allowed, elect, and there try 'the rights of possession' to such claim and have the question determined. The acts of congress do not attempt to confer any jurisdiction, not already possessed by the State courts; nor to prescribe a different form of action." The 420 Mining Co. v.

The Bullion Mining Co., 9 Nev., 240-248. We have quoted from the Nevada case. That court, in the case cited, then proceeds to illustrate the application of that view, and states that if the parties protesting are in possession they can bring their action under a certain section of their civil practice act therein referred to, or if they have been ousted from the possession they can bring their action of ejectment; and that in either action the right of possession can be finally settled and determined. The opinion in that case then proceeds to say: "We are of opinion that when the action is brought, whatever may be its character, it must be tried by the same rules, governed by the same principles, and controlled by the same statutes that apply to such actions in our State courts, irrespective of the acts of congress." This exposition of the character of this class of cases when brought in a State court conforms to our views; we believe it is not opposed elsewhere, but that the principles thus enunciated are well established.

When such a suit is commenced rightfully in a State court, the rules of pleading and practice governing the action which is selected by the complaining party, and the remedy thereby sought applies to the same extent and with the same force as to such an action generally, unless a different statutory rule is provided, except, perhaps, in the nature of the judgment to be rendered. Our Code of Civil Procedure provides, generally that the answer shall contain: "First, a general or specific denial of each material allegation of the petition controverted by the defendant; second, a statement of any new matter constituting a defense, counter-claim or set-off, in ordinary and concise language." Rev. Stat., Sec. 2457. With special reference to actions for the recovery of real property, it provides: "It shall be sufficient in such action, if the defendant in his answer deny generally the title alleged in the petition, or that he withholds the possession; but if he deny the title of the plaintiff, possession by the defendant shall be taken as admitted." Sec. 2988. The statutory provisions in relation to a reply, so far as this case is concerned, are found in sections 2466 and 2468. Sec. 2466 is as follows: "When the answer contains new matter, the plaintiff may reply to

such new matter denying generally or specifically each allegation controverted by him; and he may also allege, in ordinary and concise language, any new matter not inconsistent with the petition, constituting an answer to such new matter in the answer." Section 2468 provides: "Every material allegation of the petition not controverted by the answer, and every material allegation of new matter in the answer not controverted by the reply, shall, for the purposes of the action, be taken as true." In section 2469 we are furnished with a statutory definition of a material allegation. "A material allegation in a pleading is one essential to the claim or defense which could not be stricken from the pleading without leaving it insufficient."

The whole question, then, is whether or not that part of the answer, which is claimed should have been replied to, amounts to "a material allegation of new matter."

Pomeroy defines the new matter of the codes as that which "admits that all the material allegations of the complaint or petition are true, and consists of facts not alleged therein which destroy the right of action, and defeat a recovery," and adds that all facts which directly tend to disprove any one or more of the averments of the petition may be offered under the general denial. Pomeroy's Remedies & Remedial Rights, Sec. 673. The above definition is, perhaps, as accurate as one can be framed in brief language. See Mauldin v. Bull, 5 Mont., 96. It does not mean that the allegations of the petition are expressly admitted, but the idea is that for the purposes of the new matter or the defense alleging it, there is an implied admission. Tested by this rule, the allegations of the second defense in the answer before us do not amount to new matter; for the clear reason that they not only tend to disprove the allegations of the petition, and all of them may be shown under a general denial, and are in legal effect nothing more than denial of the facts alleged in the petition; but they do not admit any of the allegations of the petition to be true, and seek, otherwise, to destroy their effect and value. Is it true that the defendant in such a case as the one before us, in this State under our code of procedure, must embrace in his

answer such affirmative allegations as are under discussion? Counsel insist that it is, because he desires, if successful, a finding and judgment that he is the owner. Wherein is the difficulty in praying for such relief, or some proper relief in connection with a mere general denial, and in securing just the finding and judgment desired, if the facts proven establish a right thereto, under a mere denial. He is at liberty under such a pleading to prove those facts, and having proven them, if he does, and having rightfully proven them, for what reason is the court powerless, if it is, to so find and adjudge accordingly? We do not perceive any reason, and are confident that such is not the law.

Counsel point to Morrison's Mining Rights, which is, indeed, valuable authority, and inform us that their pleading follows the forms therein laid down and approved. In that work, the form for the answer in such cases contains no prayer of any description for relief, neither is that part of the answer embodying the affirmative averments denominated cross-peti-- tion. (Eighth Ed., 376.) But it is apparent that the learned author referred to makes special reference to the Colorado practice and decisions. He states that a reply must be filed to such a second defense, and cites two cases, Newman v. Newton, 14 Fed., 634, and Quinby v. Boyd, 8 Colo., 194; and counsel here also cite those cases as being directly in point, and insist that Judge Hallett, in Newman v. Newton, decided the identical question. It was stated in the former opinion by the Chief Justice that the decision in that case was based upon the peculiar provisions of the Colorado statute, respecting the contents of an answer in actions to recover real property, and we adhere to that view. It is, moreover, entirely apparent that neither in that case, nor in the Quinby v. Boyd, was the question now in controversy, as applied to this kind of case, decided, or the subject of judicial investigation. They were each cases for the recovery of the possession of mining property, and did not involve in any particular the determination of adverse claims pending application for a patent. The decisions must, therefore, have been based entirely upon the Colorado statute. Construing the statute of that State,

which is not similar to our own, they are not precedents upon the points involved in the case at bar. Beyond that, however, the fact that they are cited by the learned author above referred to, as authority sustaining the proposition of the text to the effect that a reply is necessary to such a defense, indirectly sustains us in the view that the statute of the State respecting pleadings governs in this class of cases.

The law of procedure in this State in relation to actions for the recovery of specific personal property, popularly called replevin suits, bears a striking analogy to this class of real actions in connection with the acts of congress concerning them. Bearing in mind the requirement of the congressional enactments respecting the verdict and judgment, we will advert briefly to the analogous features of the replevin action under the code of our own and other States. In the first place, it is well settled that under a general denial in a replevin suit under the codes, the defendant may prove anything which shall disprove the allegations of the petition, including title or ownership in himself. Section 3032 of the Revised Statutes provides that in a replevin action when the property is delivered to the plaintiff, or remains in the hands of the sheriff, if the jury, upon issue joined, find for the defendant, they shall also find whether the defendant had the right of property or the right of possession only, at the commencement of the suit; and if they find either in his favor, they shall assess to him such damages as they think right and proper, for which, with costs of suit, the court shall render judgment for the defendant against the plaintiff and his sureties.

Under a similar statute in several States, the question arose whether a judgment could thus go for a defendant, first, if he had not included a prayer therefor in his answer, and, second, if he had not interposed an affirmative defense alleging his own right to the property; and so far as we have been able to ascertain, it has been the universal holding under the codes that such a judgment could be rendered in his favor under a general denial, and even without prayer therefor, unless, indeed, the statute expressly required him to embrace such a prayer in his answer.

In Pico v. Pico, 56 Cal., this question arose. In an earlier case in that State it was held that a defendant could not recover an affirmative judgment unless he had claimed such in his answer, but as appears by a reference to the code of that State in Pico v. Pico, it was so held, because the statute expressly required such a claim to be so made. In the Pico case the original answer was a general denial only. The judgment being in favor of defendant for a large amount of damages, on the same day of the judgment he filed an amended answer, simply claiming the return of the property, and alleging its value. It was contended that he could not have judgment, as he had not alleged ownership in himself. The court denied that proposition and said: "Under our system, the general denial contests the right of plaintiff, and under it may be shown the right of defendant or a third person. The denial of plaintiff's right to the possession necessarily includes an assertion of right in defendant, from whom the possession of the property has been taken under the writ; and would authorize a judgment for the return, were it not for the provision of the code which requires a return to be claimed in the answer."

In Kansas, an answer contained a general denial, and a justification as sheriff and alleging property in an attachment defendant. The court held not only that no reply was necessary, but with reference to affirmative relief, said: "All that we now desire to say is, that a defendant in replevin may append a prayer for affirmative relief to an answer which contains only a general denial, as well as to any other answer; and, if he does so, he may then have, upon a verdict in his favor, not only for costs, but also a judgment for the proper affirmative relief." Wilson v. Fuller, 9 Kans., 176, 192. To the same effect, although there is no prayer for affirmative relief— School Dist. v. Shoemaker, 5 Neb., 36; Creighton v. Newton, 5 Neb., 100.

In School Dist. v. Shoemaker, after quoting their statute as to judgment for defendant, which is identical with our sec. 3032, the court say: "Under the statute both these questions (right of property and of possession by defendant) are in issue

and are subjects of inquiry by the jury, whether the defend-
ant pleads a general denial, or new matter as a defense, or a
demand for damages." See also Terrell v. Humphrey, 12
Ohio, 113; Jenkins v. Mitchell, 40 Neb., 664, 666; Young v.
Glascock, 79 Mo., 574. Had our statute contained a similar
requirement in real actions as the act of congress, command-
ing the finding whether the defendant had any right as well
as the plaintiff, the analogy between the cases above discussed
and the class of cases to which the one at bar belongs, would
be apparent. The principle involved in the matter in contro-
versy in either case is the same, viz.: the authority to adjudi-
cate upon the right of defendant to the property or its posses-
sion, his pleading being a general or specific denial of the
allegations of the petition, and to render in his favor a judg-
ment for that to which he is shown to be entitled under the
evidence, within the general scope of the action. The fact
that congress regulates the character of the finding and judg-
ment, and the legislature of the State has prescribed the rem-
edy, the form of action, character and necessity of pleading,
cannot alter the situation nor destroy the analogy, so far as
the principle involved is concerned. Enforcing the provisions
of the act of congress, they are adopted for the time being by
our courts with the same force and no more, as if they were
a part and parcel of our own statute. It follows that the de-
fendant could have offered his evidence of ownership and
established whatever rights he had under the general or spe-
cific denials, and therefore the affirmative part of its answer
is not new matter requiring reply, and that if the defendant
should establish his ownership to the satisfaction of court or
jury, he would be entitled to such a finding and judgment,
even under a general denial.

What we have already said will necessarily dispose of the
case; it is not necessary, therefore, to consider the question
whether judgment on the pleadings was proper if a reply had
been required to the answer, but it may be said that the
authorities cited by counsel for defendant, as well as others
bearing upon the matter, hold clearly, it seems to us, that
in this class of cases there is one thing which distinguishes

it from others employing the same form of action. The government has an interest in the result; and the court is not at liberty to find every material fact upon which a patent would be authorized or demanded, or which shows a right to possession without proof of any of those facts. The case of Rosenthal v. Ives, 2 Idaho, 244, so holds, as appears from a construction of the opinion in that case in a later Idaho case—Burke v. McDonald, 2 Idaho, 646. In the latter case it is held that it is not necessary where it is admitted by the pleadings to prove the filing of the adverse claim in the land office, as that is a mere matter of practice, but such a fact, as that of citizenship, must be proven for the reason that it constitutes an absolute qualification to the holding of mineral land. What particular facts must be proven, although admitted by the pleadings, and those not required to be proven, we do not now decide, it being unnecessary to do so; but we incline to the view expressed in Idaho, that there are some matters of mere practice which, if admitted by the pleadings, need not be proven by evidence.

We are fully advised of the points urged in this case, and as a rehearing can serve no useful purpose, the motion for rehearing is denied, and the case will be remanded for trial as heretofore ordered.          *Rehearing denied.*

GROESBECK, C. J., and CONAWAY, J., concur.