(No. 1994, November 12, 1917.)

## CHILTON v. 85 MINING CO.

### SYLLABUS BY THE COURT.

Under our Code practice, in actions in ejectment under section 3464, Code 1915, it is sufficient as a general rule to deny the plaintiff's title, and under such denial, evidence of any matters having a tendency to show that the plaintiff was not vested with the title or right of possession at the time of the commencement of the action is admissible.

Appeal from District Court, Grant County; Neblett, Judge.

Action for ejectment by W. T. Chilton against 85 Mining Company. Motion to dismiss the action and to render judgment for defendant overruled, and judgment for plaintiff, and defendant appeals. Reversed and remanded for new trial.

Wilson & Walton, of Silver City, for appellant.

General denial was sufficient to authorize appellant to prove any facts showing that statements constituting appellee's cause of action were untrue.

Jones v. Bush, 156 Mo. 364; Dickman v. Young, 87 Mo. App. 530; Kirk v. Kane, 87 Mo. App. 274; Westbay v. Milligan, 74 Mo. App. 179; Cunningham v. Rush, 157 Mo. 336; Henderson v. Wanamaker, 25 C. C. A. 181, 79 Fed. 736; 4 South Code Pl. p. 3503; 7 Enc. P. æ P. 340; 21 Enc. P. & P. 720; Monaghan v. Agric. Fire Ins. Co. 53 Mich. 238; Munford v. Keats, 154 Mo. 46; Nelson v. Brodhack, 44 Mo. 596; Patton v. Fox, 169 Mo. 97; Coryell v. Kane, 16 Cal. 571; Smith v. Schweigerer, 28 N. E. 696; McLott for the use of Savery, 11 Iowa, 323;

H. D. Terrell and G. T. Black, both of Silver City, for appellee.

Under general denial, evidence of distinct affirmative defense is not admissible.

1 South. Code Pl. Sec. 409.

### REPLY BRIEF OF APPELLANT.

Wyoming has statute much like ours and general denial is sufficient.

Bartleson v. Munson, 105 Minn. 348; Iba v. Central etc., 5 Wyo. 355, 40 Pac. 527, 42 Pac. 20.

### STATEMENT OF FACTS

Appellee in this court, who was the plaintiff in the trial court brought this action in ejectment against the appellant company for the possession of the Domino mining claim, as described by him in his complaint. It is alleged in the complaint that the defendant on November 2, 1915, made application for patent in the United States land office at Las Cruces, N. M., for the mining claim known as the Jim Crow mining claim; that on the 4th day of January, 1916, the plaintiff filed his adverse claim, which is now pending in said land office; that the action instituted in the district court is brought in support of said adverse claim. This action is therefore instituted for the

purpose of determining the right to the possession of the mining claim in question, as it appears from the record that the two claims in question, the Domino and the Jim Crow mining claim cover substantially the same ground. The defendant in its answer admitted that it is a corporation and that it was in possession of the land described in the complaint and called the Domino mining claim, so far as it conflicted with the Jim Crow lode mining claim, and had been so in possession of said claim long prior to the date of the alleged ouster; that it was withholding possession thereof from the plaintiff, but denied that such withholding was or is unlawful, or that the plaintiff was damaged thereby. It admitted the fact of its application for the patent for the Jim Crow lode mining claim, but denied all other allegations of the complaint, and by way of further answer alleged that on April 1, 1897, one Edward C. Belt and one Joseph Young, after discovery of the vein of mineral-bearing quartz in unappropriated, vacant public domain of the United States, then and there located the same as the Jim Crow lode mining claim; further alleging specifically as to the performance of conditions necessary to constitute a valid location under the law, and that by virtue of such acts that the said Belt and Young became entitled to the possession of said Jim Crow lode mining claim, and, thereafter, by virtue of various mesne conveyances, the defendant became the owner of and entitled to possession of said claim; that the said Belt and Young and the various predecessors in title of defendant, as well as the defendant itself, have ever since the year of the location of the said Jim Crow mining claim caused annual labor or assessment work, required by law, to be done on the said claim and now is entitled to the possession of said Jim Crow mining claim. The plaintiff in his reply denied all the allegations of the so-called separate defense and the cause was tried by the court below without a jury.

Briefly stated, the evidence discloses that the plaintiff had made location of the so-called Domino claim on June 4, 1914, and subsequently filed his adverse claim and protest purporting to show failure to do assessment work on

the Jim Crow lode mining claim for the years 1912 to 1915, inclusive, by reason whereof he contends he was entitled to relocate the property. A motion to dismiss the plaintiff's action and render judgment for defendant was overruled.

Defendant introduced as a witness Edward C. Belt, one of the original locators of the Jim Crow claim, after which defendant offered in evidence the records of the original and amended location notice of the said Jim Crow mining claim and the records of the several conveyances through which the defendant claimed title. Objection was urged to these instruments so offered on the ground that they were referred to in the answer and were the foundation of defendant's defense, and that by reason of the fact that the originals or copies thereof were not filed with, or exhibited in said answer, as required by the Code, they could not be introduced in evidence. This objection was sustained, to which a proper exception was saved by defendant.

During the progress of the trial, it further appears that the defendant tendered an amended answer containing the same denials as the original answer, and by further way of defense an allegation of ownership of the land in controversy, and a further defense, in a cross-complaint, sought ejectment against the plaintiff, alleging that it was entitled to possession of the premises in question which plaintiff had entered on June 4, 1914. The trial court denied the right to file this trial amendment tendered by the defendant.

## OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above.) The first point relied upon by appellant is in effect that the burden of proof rested upon the plaintiff to prove by a preponderance of evidence that the ground attempted to be located by him as the Domino mining claim was, at the time of the attempted location, unappropriated mineral land and open to location, and that he properly located the same by doing all of the things required of him under the statutes covering the location of mining claims. The second point relied upon by appellant is that there was

insufficient evidence before the trial court to support certain findings of fact, and conclusions of law based thereupon. Our conclusion, however, makes it unnecessary to pass upon these propositions urged or the matters presented by the third and fourth points, which likewise deal with evidentiary matters.

The fifth point relied upon is that the court below was in error in rejecting the offer of the location notices, proofs of labor and deeds, by reason of the fact that the defense was not founded on these instruments; and that therefore it was not necessary that they be filed with the answer or incorporated therein. The objection of the plaintiff to the introduction of these several instruments was based upon section 4146, Code 1915, which provides that:

"When an instrument of writing upon which the action or defense is founded is referred to in the pleadings, the original or a copy thereof shall be filed with the pleading, if within the power or control of the party wishing to use the same, and if such original or a copy thereof be not filed as herein required, or a sufficient reason given for failure to do so, such instrument of writing shall not be admitted in evidence upon the trial."

By the defendant below (appellant here) it is urged that the first defense in its answer specifically denied the right of possession of the land in controversy and unlawful detention thereof by defendant, and that by way of second defense, the several steps for proper location of the Jim Crow mining claim were fully set out; that the denial of the right of possession of the land in controversy corresponds to the general issue at common law, and that under such denial each and all of the said instruments in writing should have been received in evidence by the court and that they were not, or any of them, the foundation or basis of its said defense.

By appellee this contention is met by the argument that prior to the act of March 21, 1907 (Laws 1907, c. 107), the New Mexico Statutes provided that in ejectment the defendant might plead not guilty, and under such plea give in evidence any testimony showing that the plaintiff is not entitled to such possession, or that the title is in some other person, but that the act of 1907, referred to,

changed the form of pleading by requiring that the defendant shall plead to the complaint by a demurrer or an answer, and that the answer under section 4115 Code 1915, must contain first, a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief, and, second, a statement of any new matter constituting a defense or counterclaim in ordinary or concise language, without repetition. Appellee cites 1 Sutherland, Code Pleading Practice § 409, to the effect that:

"Under the general denial authorized by the Code, evidence of a distinctive affirmative defense is not admissible. The defendant is limited to contradicting the plaintiff's proof, and disproving the case made by him."

Appellee urges that under the present state of the Code there is no general issue, and that under a general denial in ejectment defendant is limited to rebutting proofs of plaintiff and cannot introduce evidence thereunder of any new matter constituting a defense, which should, under the Code, be pleaded specifically. In other words, it is contended by appellee that the defendant's denial under our Code does not correspond to the general issue at common law.

Appellee is laboring under a misapprehension in this matter, and loses sight of the fact that in ejectment plaintiff must recover upon the strength of his own title, rather than the weakness of his adversary's. Mr Sutherland in his works on Code Pleading, under the title "Ejectment," at § 6381, says:

"Title in the defendant need not be pleaded and may be given under a denial of plaintiff's title, and, if pleaded, such an allegation does not constitute new matter and is only equivalent to a general denial of title in the plaintiff," citing Marshall v. Shafer, 32 Cal. 176.

In Warvelle on Ejectment, § 190, with reference to the sufficiency of pleadings in ejectment under the Code, it is said:

"As previously remarked, the tendency of modern decisions

has been toward a relaxation of the stringent rules that formerly prevailed. This is particularly true in states which have Codes of Procedure, and in a number of instances it has been held that in respect to actions concerning rights in real property, a general allegation of ownership in a pleading is sufficient to admit proof of any legal title, general or special. Hence, in ejectment, it is sufficient, under these decisions, for the plaintiff to allege that he is the owner and entitled to the possession of the land demanded, and that the same is wrongfully withheld, without alleging in detail the particular facts on which his claim of title is based. It is said that the rules which require the plaintiff is set up in his complaint the nature, quality and kind of ownership, are too narrow and technical for code pleading, and that the rule as first stated should prevail in all jurisdictions where the statute requires that the complaint shall contain a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition. The reasoning by which these decisions are supported proceeds upon the theory that ejectment is strictly a possessory action; that it is the 'possessory title' which is important, and that, as plaintiff must show that he is entitled to immediate possession in order to recover, it is comparatively immaterial in what form his title may be."

As to pleadings by the defendant, the same author says at section 205:

"The Codes of some of the states have materially changed the common-law rule by denying the defendant the right to offer in evidence any estate in himself or another, or any license or right to possession, unless the same has been specially pleaded. While the wisdom of this requirement may be open to question its authoritative force, in the states where it prevails is beyond question, and the pleader who desires to avail himself of the benefits of title or possessory rights vested in the defendant must specifically aver them in his plea or answer."

In support of this last statement, the author cites Allen v. Higgins, 9 Wash. 446, 37 Pac. 671, 43 Am. St. Rep. 847, and Carman v. Johnson, 20 Mo. 108, 61 Am. Dec. 593. In this connection, however, it is to be noted that under the Washington statute (Bal. Codes, § 5509), the defendant in ejectment is required to plead the estate or license whereby he holds possession; the statute specifically providing that a general denial contained in the answer will create no issue. The Missouri case also seems to turn upon a statutory provision, the character of which is not before us, as the statute is not referred to. The court, however, in its opinion in this case, said:

"If the same facts that would be sufficient to compel such conveyance can be available under our present practice, in the defense of an ejectment for the possession, they must be set up in the answer, with the same particularity that would be necessary in a bill in chancery."

Mr. Newell in his work on Ejectment, at page 248, says:

"Under the modern practice it is sufficient as a general rule to deny the plaintiff's title, and under such denial evidence of any matters having a tendency to show that the plaintiff was not vested with the title or right of posession at the time of the commencement of the action is admissible," citing Wicks v. Smith, 18 Kan. 508.

The opinion in the Kansas case is by Judge Brewer and seems to be well considered. It is pointed out that under the Kansas statute it is sufficient for the defendant to deny generally the title alleged in the petition. Under our Code practice a similar provision prevails permitting a general or special denial of the material allegations of the complaint controverted by the defendant. Vide section 4115, Code 1915.

Another case following the same rule as laid down in the Kansas case, although going somewhat further, is Bartleson v. Munson, 105 Minn. 348, 117 N. W. 512. In the last-mentioned case the action was for forcible entry and unlawful detainer, but the court held that the title to real estate being involved, the case became in substance and effect an action in ejectment. In passing upon the point under consideration by this court, the Supreme Court of Minnesota said:

"When a complaint merely alleges title in the plaintiff, the defendant may, under a general denial, prove any fact the existence of which necessarily negatives the allegation that the title is in the plaintiff; but, when the plaintiff sets out in detail the specific facts on which his title rests, defendant under a general denial can only disprove the facts specifically pleaded."

A case throwing a great deal of light upon the question under consideration is that of Iba v. Central Ass'n. of Wyoming, 5 Wyo. 355, 40 Pac. 527, and reported in 42 Pac. 20, upon motion for rehearing. The case was an

action in ejectment in support of an adverse claim. The facts as quoted from this case are as follows:

"The plaintiff in error filed an adverse claim, and, within the period required by the statutes of the United States, commenced this suit in the district court, to determine the question of the right to possession. Rev. St. U. S. § 2326 [U. S. Comp. St. 1916, § 4623]. All the material averments requisite in such a case were contained in his petition, including an allegation of citizenship, ownership of the ground in controversy, and right to its possession, a full compliance with the laws of the United States and this state, and the rules and regulations of the mining district, the application of defendant for patent, and the filing of the adverse claim. It was also averred that defendant was in wrongful possession of the land. The defendant filed its answer, specifically denying the material allegations of the petition, except its own corporate existence, and, for a second defense and cross-petition, alleging ownership and right to possession in itself, as well as its actual possession, a full compliance on its part with the laws and rules in relation to mining lands, and ending with a prayer that its title to said real estate be quieted as against the plaintiff. No reply was filed to this second defense, and on motion of the defendant which was resisted by plaintiff, the court rendered judgment upon the pleadings, assuming the allegations of the second defense to be admitted in default of a reply and entered a judgment in favor of defendant, specifically finding as true the material facts alleged in said defense. Did the court err in thus rendering judgment upon the pleadings? It may be asserted as a primary proposition—and we take it to be conceded—that, unless a reply was necessary, there existed no authority for such a judgment. If this suit was an ordinary one to recover possession of real estate, the plaintiff alleging ownership and right to possession, and the defendant not only denying the claims of plaintiff, but averring ownership in himself, it is clear that no reply would have been required. In such a case these allegations of the answer would amount merely to a denial of the claim set up by the plaintiff. Such ownership could have been shown under a general denial."

In the first report of this Wyoming case, found in 5 Wyo. 355, 40 Pac. 527, the court considered at some length the grounds upon which ownership could be shown under a general denial. After considering the provisions of different Codes as compared with the Wyoming Code, the court said:

"It is apparent that like a general denial in replevin, under the Code, a general denial in an action for the recovery of realty thereunder is sufficient to let in any legal defense,

such as paramount title in the defendant, or in a third person."

It appears that in the Wyoming case the defendant, as in the case at bar, made as a matter of first defense a general denial, and for a second defense alleged its title. The court held that under the Revised Statutes of the United States, under which the cause was brought (Rev. St. U. S. § 2326 [U. S. Comp. St. 1916, § 4623]), which is substantially in accordance with section 3464, Code 1915, a reply is not required. This decision was apparently upon the ground that the allegations of the second ground of defense, or by way of cross-complaint, could have been supported by evidence offered under a general denial and therefore did not constitute new matter calling for a reply.

We therefore conclude that under our code practice, in actions in ejectment under section 3464, Code 1915, it is sufficient as a general rule to deny the plaintiff's title and under such denial, evidence of any matters having a tendency to show that the plaintiff was not vested with the title or right of possession at the time of the commencement of the action is admissible.

The papers in question being admissible under a general denial contained in the answer, it would not be necessary that they should be filed with the pleadings. It also becomes unnecessary to consider the further contention in the matter of the alleged erroneous action of the trial court in overruling the application for leave to file a trial amendment. By virtue of our conclusion in the premises no trial amendment was necessary.

The matters herein discussed being sufficient for the purposes of this appeal, for the reasons given, the cause is reversed and remanded for a new trial; and it is so ordered.

PARKER and ROBERTS, JJ., concur.