EDWARD DIEDRICHS *vs.* SARAH STRONACH, Impleaded, &c., Appellant.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard November 3.]                    [Decided November 29, 1859.

*Commencement of Suit—Service of Process—Appeal—Practice.*

If a party is served through the post office with a notice of the pendency of a suit, and he appears and answers to the suit, it is a good service under the code from the date of the appearance.

When the process had been served on one of several defendants at the time the mortgage stay law took effect, the suit will be considered pending as to all the defendants.

An appeal from a final decree by the widow of the defendant, who was made a party, will not bring up for consideration an order made in the course of the proceedings upon a motion by the heirs.

An appeal from a final decree does not bring up for review an order made subsequent to the decree, upon the decision of which the merits of the case can in no wise depend.

This was an action commenced by the plaintiff against James Stronach, Augustus D. Bonesteel, John N. Bonesteel, and the appellant, Sarah Stronach, as the wife of James, to foreclose a mortgage made by James and Sarah Stronach to secure the payment of a bond made by James for $900, and interest, $87 40    The summons was personally served upon James, April 28, 1858.    At that time he resided in the state of Michigan, but was temporarily in Milwaukee ; there was no service upon Sarah.    May 3, 1858, an order of publication was made against the absent defendants ; and the summons was duly published in the "Daily Wisconsin," and a copy of the summons and complaint sent to Sarah Stronach through the post office.    The Bonesteels admitted service in April.    On the 19th day of May, 1859, there was an appearance of the defendants James and Sarah Stronach, in the case, by their attorneys, but no answer was put in.    On the 2d of June, the plaintiff took judgment by default for want of

Diedrichs vs. Stronach.

an answer; and the final judgment of foreclosure was entered up June 11th, 1858.

On the 23d of December, the defendant Sarah served notices; and on the 8th of January, 1859, she procured an order on the plaintiff to show cause why the judgment should not be stayed. This order was discharged on the 11th of January, 1859; and from that order this appeal is taken. The record does not show at what time James Stronach died, and the case was submitted on the record.

*By the Court*, PAINE, J. On this appeal no printed case is furnished, as required by the rules of this court; and on looking into the papers, we are satisfied the appeal was taken for delay. The only points suggested in the written brief of the appellant are, that as to the appellant Sarah Stronach, the suit was not commenced until after the so called mortgage stay law took effect; and that this law therefore applied to it; and whether, upon the decease of James Stronach, it was necessary for the complainant to have made the heirs parties by a supplemental bill. As to the first point, the suit was commenced as to all the defendants, except Sarah Stronach, before the act in question took effect. She was proceeded against as a non-resident. An order of publication, and that notice be served by mail, were obtained; and the notice deposited in the post office directed to her; and on the day after the act took effect she appeared by attorney in the suit. It is evident she received the notice before the stay law took effect. And even though this would not have been sufficient without publication, if she had not appeared, yet where she receives the notice before the time for publication has elapsed, and appears in the suit, we think there is some ground to hold that the reception of such notice must then be considered as the serving of the process for the purpose of determining when the suit was commenced. The last part of subdivision 5, §

Diedrichs vs. Stronach.

40, of the code, treats a notice received through the post office as binding. But even if the suit were not to be deemed commenced as to her until she appeared, for want of the entire publication required by law; yet, for the purpose of determining whether it was or not a suit pending at the time the stay law took effect, we think the prior service on the other defendants sufficient. After they were served, it was certainly a suit pending, and comes within the decision of this court that this law was not applicable to suits pending at the time of its passage.

As to the other question whether, where a defendant dies after a decree of foreclosure, but before a sale, it is necessary to make the heirs parties for any purpose, we do not think it is presented by this appeal. The application to stay proceedings and to set aside the decree on account of the death of James Stronach, was made by an agent acting for the estate. It was refused, and there was no appeal from the order refusing it. The appeal is by Sarah Stronach alone, who does not represent the heirs; and it is from the decree alone, which does not authorize the review of a subsequent order; upon which its merits can in no wise depend.

The decree is affirmed with costs and five per cent. damages.

COLE, J., *Dissenting*.   See *Weisner vs. Wells, supra,* 472.