Canavan v. Canavan, 17 N. M. 503.

[No. 1491, March 8, 1913.]

KATE CANAVAN, Appellee, v. STEPHEN CANAVAN and VICTOR AMERICAN FUEL CO., Appellants.

SYLLABUS (BY THE COURT).

1. Where a material, even jurisdictional fact, omitted from the complaint, is as fully litigated, without objection, as if said fact had been put in issue by the pleadings, it is the duty of the trial court, and of this court on appeal, to amend the complaint in aid of the judgment, so as to allege the omitted fact.

2. A judgment in a contempt proceeding originating subsequent to the final decree, is not reviewable upon appeal from such final decree.

Appeal from District Court, McKinley County.

E. W. DOBSON, CHARLES A. SPIESS and MANN & VEN-
ABLE, for Appellant.

The decree, judgment in contempt, and all proceedings
in this cause, are *coram non judice* and void for want of
jurisdiction of the subject matter. 2 Fed. Stats. Ann.
838; 2 Bishop Mar. & Div. sec. 593; 14 Cyc, 663; Pate v.
Pate, 6 Mo. App. 49; Richardson v. Richardson, 50 Vt.
119; Jarvis v. Jarvis, 3 Edw. Ch. 462; Mix v. Mix, 1
John Cr. 204; Powell v. Powell, 53 Ind. 513; White v.
White, 14 N. H. 121; Kimball v. Kimball, 13 N. H. 222;
Smith v. Smith, 12 N. H. 80; Young v. Young, 18 Minn.
90; Greenlow v. Greenlow, 12 N. H. 200; Phelan v. Phe-
lan, 12 Fla. 450; Irwin v. Irwin, 41 Pac. 369; Weaver v.
Weaver, 113 Pac. 599; Bennett v. Bennett, 28 Cal. 600;
Cole v. Cole, 3 Mo. App. 571; Johnson v. Johnson, 95 Mo.
292; Cheatham v. Cheatham, 10 Mo. 292; Carter v. Car-
ter, 88 Mo. App. 304; Collins v. Collins, 53 Mo. App.
470; Weaver v. Weaver, 15 N. M. 333; Luce v. Luce, 47
Pac. 21; Ex parte Sawyer, 124 U. S. 200; Ex parte Row-
land, 104 U. S. 604; Ex parte Ayers, 123 U. S. 444.

The order adjudging Canavan in contempt was made
after final decree and after the restraining order had ceased
to be effective. State v. Bruce et al. 45 S. E. 153; Sween-
ey v. Hanley, 126 Fed. 197; 10 Enc. Pl. & Pr. 1029;
Beach on Injunction, sec. 109; Gompers v. Buck Stove
& Range Co., 221 U. S. 446; Bessette v. W. B. Conkley
Co., 194 U. S. 328; Worden v. Searles, 121 U. S. 27;
State v. Nathans, 49 S. C. 207; Gardner v. Gardner, 87
N. Y. 14; Eureka Con. Min. Co. v. Richmond Min. Co., 5
Sawyer 121; Fed. Cas. No. 4549; Enc. of Pl. & Pr. vol.
10, 1029; Buffington v. Harvey, 95 U. S. 99.

If a temporary order is violated the court has no juris-
diction after the dissolution of the injunction to punish
for its violation as for contempt. Moat v. Holbein, 2 Edw.
Cham. 188; Clark's case, 12 Cush. 320; State v. Rice, 67
S. C. 236; Peck v. Yorks, 32 How. Pr. 408; U. S. v.
Price, 1 Alaska, 204; Smith v. McQuade, 13 N. Y. Sup.
63; Ex parte Maulsby, 13 Md. 625; In re Fanning, 40
Minn. 4; Robertson v. Bingley, 1 McCord Eq. 333; State

Canavan v. Canavan, 17 N. M. 503.

v. Matthews, 49 S. C. 199; Rapalje on Contempt, sec. 50; Taber v. Manhattan Ry. Co., 35 N. Y. Sup. 465; Peck v. Yorks, 32 How. Prac. 408.

Civil and not criminal contempt. 9 Cyc. 6; In re Wilson, 17 Pac. 608; Wyatt v. The People, 28 Pac. 961; Holbrook v. Ford, 153 Ill. 633; People v. Oyer & Term, 101 N. Y. 245; Gompers v. Buck Stove & Range Co., 221 U. S. 446; Boyd v. U. S., 116 U. S. 616; 6 Sup. Ct. Rep. 524; U. S. v. Jose, 63 Fed. 951; State v. Davis, 50 W. Va. 100; King v. Ohio & M. R. Co., 7 Biss. 529; Sabin v. Fogarty, 70 Fed. 482; Drakeford v. Adams, 98 Ga. 724.

The judgment committing appellant to jail for contempt amounts to an imprisonment for debt and is in conflict with sec. 21 of the bill of rights contained in the constitution of New Mexico. Territory v. Jaramillo, 8 N. M. 600.

A. T. HANNETT and VIGIL & JAMISON, for Appellee.

The contempt judgment was final and conclusive in this jurisdiction and cannot be reviewed on appeal. Rapalje on Contempt, 198, 199; Ex parte Kearney, 7 Wheat. 38; Hays v. Fisher, 12 Otto, 121; New Orleans v. Steamship Co., 20 Wall. 387; McMicken v. Perrin, 20 How. 133; Easton v. State, 39 Ala. 551; Wyatt v. McGee, 3 Ala. 94; Mott v. Clark, 56 Pac. 545; Tyler v. Hamersley, 44 Conn. 393; First Cong. Church v. Muscatine, 2 Ia. 69; Menage v. Lustfield, 4 Minn. 487; State v. Towle, 42 N. H. 540; In re Cooper, 32 Vt. 253; 2 Cyc, 681; Meuthen v. Gyleis, 67 N. Y. Sup. 246; Gage v. City of Chicago, 71 N. E. 877; Cooley v. Gillen, 54 Conn. 80; Walter Thompson Co. v. Whitehead, 185 Ill. 454; Draper v. Saxton, 118 Mass. 427; Williams v. Thomas, 3 N. M. 324; Crabtree v. Segrist, 3 N. M. 278; Chaves v. Lucero, 13 N. M. 368; 2 Cyc. 677; Maxwell v. Tufts, 8 N. M. 401; Lamy v. Lamy, 4 N. M. 29; 2 Cyc. 980.

Lower court had power to punish for contempt. Neisler v. Smith, 2 Ga. 265; Winship v. Clending, 24 Ind. 439; Shipman v. Superior Ct. 12. Pac. 787; Fulton v. Greacen,

44 N. J. Eq. 443; 15 Atl. 827; Worden v. Searls, 121 U. S. 14.

Not imprisonment for debt. Van Dyke v. Van Dyke, 54 S. E. 537; Gray v. Gray, 56 S. E. 438; Atkinson v. Southern R. Co., 55 L. R. A. 225; Andrew v. Andrew, 20 Atl. 817; Curtis v. Gordon, 20 Atl. 820; Scott v. Scott, 25 L. R. A. (N. S.) 132; Cavenaugh v. Cavenaugh, 106 Ill. App. 209; Shaffer v. Shaffer, 72 N. E. 447; In re Cave, 66 Pac. 425; Davis v. Davis, 9 L. R. A. (N. S.) 1071.

### OPINION OF THE COURT.

PARKER, J.—This is an appeal from a final decree for divorce and awarding judgment to the appellee for a sum of money as her just share of the community estate of the parties, and ordering execution. Appellant does not complain of the justness of the decree except to say that it was not justified by the evidence. A reading of the record shows no merit in the suggestion.

Appellant, however, questions the decree on the ground of want of jurisdiction of the subject matter. The proposition is founded on the fact that the complaint fails to allege residence of the appellee, plaintiff below, for one year next prior to the filing of the complaint, which residence is required by the act of congress of May 25th, 1896. 29 Stat. 135, 2 Fed. Stat. Ann. 828, and section 1432, C. L. N. M. 1897. It appears from the evidence in the case that the parties, ever since their marriage, with one exception for a short time, have lived in Gallup in the County of McKinley, in this state, and that appellee had lived continuously in the same house in Gallup where she lived when she testified in the case, for nine years prior to the time she testified. Appellant expressly admits in his testimony the required residence of the wife. No objection to the complaint was interposed in the court below on this ground, and no motion in arrest of the judgment was interposed.

We have then a case where the complaint in a divorce case is defective in failing to allege a material fact, which in truth exists, and is undisputed, but where the defen-

dant fails to object to the same in the court below, and presents the proposition here for the first time. Under such circumstances is the objection available.

It may be stated preliminarily that such an objection does not meet with favor in any appellate court. To consider the same antagonizes the rule requiring all questions to be submitted to the trial court, and to be decided by it before they will be considered on appeal. And, speaking broadly, it presents a case where a litigant has litigated with his antagonist every fact material or relevant to the cause of action and, having failed, he now seeks by the mere forms of law to defeat his antagonist and deprive her of the result of the litigation.

But the objection is of such nature that this court must notice it, notwithstanding there is no assignment of error presenting it, and it is mentioned for the first time in the briefs of counsel. This is so, for the reason that the fact omitted from the pleadings, viz: residence of plaintiff in the state the required length of time prior to bringing her action, is a fundamental fact which lies at the foundation of the right to institute and maintain the action, and is, in a sense at least, jurisdictional.

The fact of residence is not strictly a part of the cause of action between the parties for divorce. It bears no relation to the fact of marriage, or to the facts authorizing its dissolution. It is an arbitrary provision of law, founded upon wise considerations of public policy, which requires residence of the plaintiff for a given time before right of action arises. But whether classed as a part of the cause of action, or a fact giving rise to the right of action, it is equally important, and the question must be considered.

It is to be admitted without argument that the objection that a complaint fails to state facts sufficient to constitute a cause of action may be successfully interposed at any stage of the proceedings, and may be so interposed for the first time in an appellate court. 2 Cyc. 680; Nichols v. Board of Co. Com., A. & E. Ann. Cas. 543, and note.

This is necessarily so because parties, while they may submit their persons to the jurisdiction of the court, they

can by no act of theirs, confer upon the court jurisdiction of the subject matter. Ordinarily the subject matter of a cause of action is determined exclusively by the complaint, which enumerates and states all of its different elements. If a material element is omitted, no legal cause of action is stated, and no jurisdiction to render a judgment arises. A direct attack upon the judgment, therefore, must ordinarily be successful. But the omitted element of the cause of action may be brought into the record otherwise than by the complaint. In the case at bar, the omitted element, viz: the required residence of the plaintiff, was brought into the record by the proofs in the case, which are undisputed, and the fact is admitted by the defendant himself. The proofs are before us as a part of the record, from which we have a right to find, and we do find, that the required residence prior to the institution of the action existed. The vicious consequences of the general doctrine just stated have led to the formulation of various rules, both statutory and of decision, calculated to curtail its effect. Thus the doctrine of "express aider," i. e., where the omitted fact is supplied by the pleading of the opposite party, was known to the common law. 1 Chitty's Pldgs., 671. So the doctrine of aider by verdict to the effect that a fact, though of substance, if it be such that, without proving it, plaintiff could not have a verdict, will be supplied by the verdict, although not alleged. Tidd, Pr. 919. So when the omitted fact is admitted in the evidence, on the argument by the opposing party, he cannot complain of the defect in the appellate court. Bang v. McAvoy, 65 N. Y. S. 467. Town of Schaghticoke v. Fitchburg R. Co., 65 Id. 498.

In all of the codes of civil procedure ample provisions for amendment of pleadings are made for the purpose of avoiding the consequences of the doctrine above mentioned, and ours is quite similar in language and scope with one exception to be noted. The pertinent provisions of our code are as follows:

Sec. 2685, C. L. 1897, sub-sec. 39. "When any of the matters enumerated in sub-section thirty-five of this act

do not appear upon the face of the complaint, the objection may be taken by answer. If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court over the subject matter of the action, and excepting the objection that the complaint does not state facts sufficient to constitute a cause of action."

Sub-sec. 82. "The court may, at any time before final judgment in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return, or other proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations, material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

Sub-sec. 85. "The court shall, in every state of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect."

Sub-sec. 86. "After the final judgment rendered in any cause, the court may, in furtherance of justice, and on such terms as may be just, amend in affirmance of said judgments, any record, pleading, process, entry, return or other proceedings in such cause, by adding or striking out the name of a party or a mistake in any other respect or by rectifying defects or imperfections in matters of form; and such judgment shall not be reversed or annulled therefor."

Sub-sec. 94. "All omissions, imperfections, defects and variances, not being against the right and justice of the matter of the action, and not altering the issue between the parties on the trial, shall be supplied and amended by the court where the judgment shall be given, or by the court into which said judgment shall be removed by writ of error or appeal."

Sub-section 39 above quoted expressly excepts the de-

fect complained of here, and has no application to this
discussion except that it shows that the objection is avail-
able at any stage of the proceedings.    Sub-section 82 re-
fers to amendment prior to judgment.    Sub-section 85 lays
down the general principle that defects which do not af-
fect the substantial rights of the parties, shall be disre-
garded.    Sub-section 86 refers to amendment as to mat-
ters of form, which may be made after judgment.    Sub-
section 94, however, introduces a new feature into the law,
and so far as we are advised, this section is unique.    The
imperative form of expression is used, and it seems that
the duty is imposed upon the court, both of original and
appellate jurisdiction, and with or without application
by the parties, to supply and amend all omissions
imperfections, defects, and variances proper under the
restrictions contained in the remaining clauses of the
section.    The omissions or defects are not limited to for-
mal as distinguished from substantial ones, but all omis-
sions and defects are included.    The only limitation on
the duty of the court is that the amendment shall not be
against the right and justice of the matter of the action,
and shall not alter the issues between the parties on the
trial.    It is readily seen that in the case at bar an amend-
ment of the complaint, showing the required residence
of the plaintiff, would in no manner antagonize the re-
striction imposed by the section.    It would certainly not
be against the right and justice of the matter, nor would
it alter the issues which were between the parties on the
trial.    They voluntarily litigated the issue of residence
of the plaintiff, and they both, and other witnesses, testi-
fied that the fact existed, and there was no evidence to
the contrary.

It may be admitted that in a strict and technical sense
the fact of the residence of the plaintiff was not in issue,
those facts being determined, as a rule, by the affirmance
of them on one side, and a denial of the same on the
other in the pleadings.    But in the connection used in
the statute, the word "issue" is deemed to include any
fact litigated in the same manner, and to the same extent
as if it had been affirmed and denied in the pleadings.

It therefore becomes our duty to amend the complaint
so as to allege the required residence of the plaintiff.
**1** The actual amendment, we assume, need not be made,
but the complaint will be treated as amended.

In this connection, it is to be observed that had the
parties failed to litigate the omitted fact, or if the fact
were left in doubt by the evidence, or if objection to the
proof of the fact had been interposed, or if, in any way
the sufficiency of the complaint had been questioned, and
the plaintiff had still elected to stand upon it, a different
question would be presented.

We are aware that in Missouri, whence our code pro-
visions came, it is uniformly held in divorce cases, that
a failure to allege residence of the plaintiff for the re-
quired statutory time is jurisdictional, and requires a re-
versal of the case.

Stansbury v. Stansbury, 118 Mo. App. 427.

In that state while they have a section like sub-section
94, its scope of application is expressly limited to certain
enumerated omissions and defects. The adoption of the
section by our legislature, without the limitation, would
seem to indicate an intention to enlarge the scope of the
application of the section beyond that applied in Missouri.

The most serious question in the case arises out of a
judgment committing the appellant to jail for a period
of two years, for having violated a preliminary injunction
issued in the cause. The facts concerning the contempt
proceedings were before this court in a habeas corpus pro-
ceeding, and the writ was discharged and the petitioner
remanded for custody. See In re Canavan, decided March
28, 1912.

It appears that the bill of complaint in this case was
filed on the 3d day of August, 1910, and on the same day
a preliminary injunction was issued restraining the ap-
pellant from "encumbering, charging, selling or otherwise
disposing of, or from attempting to encumber, charge, sell,
or otherwise dispose of any of the real or personal estate
of the said Stephen Canavan, until the further order of
the court." The issues were made up between the parties,
testimony taken before an examiner, and the cause brought

on for final decree on March 9, 1911. It appears from an order made on that date that the court found that there was reason to believe that the appellant had violated the injunction, and a rule to show cause why he should not be punished as for contempt was issued, and the further hearing of the cause was continued until March 18, 1911. This order to show cause was not personally served upon the defendant, he then being absent from the jurisdiction, but was served by leaving a copy of the same with a person over the age of 15 years, residing at the usual place of abode of the appellant. On the 14th of June, 1911, the appellant having made no return to the rule to show cause, appellee filed a petition praying that the court take up and dispose of the case upon the proofs already presented, the continuance having theretofore been taken for the purpose of allowing the appellant to be brought in with his books and vouchers, to show what had become of the money he was known to have received from a sale of the community property. On June 21, 1911, the final decree was entered in favor of appellee for absolute divorce, the custody of a minor child, certain allowances for attorney's fees, and $20,000 as her fair share of the acquest property of the marriage community, and awarding execution. Nothing further was done in the case until February 27, 1912, when an affidavit by one of the counsel for appellee was filed, stating that appellant had never turned over to the appellee the amount of said judgment, and that the appellant had betaken himself out of New Mexico for the purpose of avoiding service of process upon him, but that he was then temporarily within the jurisdiction, and could be apprehended. On the same date an order for an attachment was issued, returnable forthwith, which was served. On the 6th of March a further affidavit and petition was filed by the appellee, stating that the appellant had never paid any part of the decree, and that prior to the entering of the decree, he had departed from the jurisdiction, and took with him all of his property, to the extent of about $50,000. She prayed that the court take cognizance of the contempt

committed by the appellant, and that he might be committed to jail until he paid over the amount awarded to her in the final decree.   On the 21st of May, 1912, appellant answered the petition, giving an account of himself from about February 8, 1911, at various parts of New Mexico, and at El Paso, Texas, and Mexico, and alleging that he did not have the money with which to pay the decree.   He further alleged that he had committed no act in violation of the injunction, but, carefully or otherwise, he refrained from specifically denying that he had taken the proceeds of the estate out of the jurisdiction. Appellee moved for judgment upon the petition, and answer in the contempt proceedings, and thereupon the court found that the appellant had been guilty of contempt in disposing of practically all of his property in direct violation of the restraining order and injunction heretofore mentioned; that he had taken and carried away out of New Mexico practically all of his property with the intent of defrauding the jurisdiction of the court; that he had not complied with the final decree which ordered him to turn over to plaintiff the sums of money mentioned, although he had adequate legal knowledge of said decree and of the mandate of the court.   The court thereupon committed the appellant to jail in the County of Bernalillo "for the period of two years, or until said defendant, Stephen Canavan, shall purge himself of said contempt by turning over to the plaintiff the $19,000 which the court decreed to be her fair share of the acquest property, and the $1,500 decreed to her as attorney's fees, together with the costs incurred in this cause, or until the further order of the court."

The order to show cause issued prior to the final decree was never acted upon in any way by the court, and no return was ever made thereto by the appellant.   The contempt proceeding of which the appellant complains, was begun on February 27, 1912, by the filing of an affidavit by the counsel for appellee, and which was nearly eight months subsequent to the final decree, and resulted in a judgment a month later.

It thus appears that a contempt proceeding originating

subsequent to a final decree is sought to be reviewed in this case upon an appeal from the final decree. Appellant argues that such a judgment is not reviewable in this court at all, or under any circumstances, and also suggests in the brief that the judgment being subsequent to the final decree from which alone the appeal is taken, it certainly cannot be reviewed upon such appeal. The question is not whether such a judgment is reviewable at all, but whether the judgment is before us for review upon this appeal.

It may be stated generally that upon an appeal from a final decree all interlocutory orders and decrees connected with it are reviewable. This must be so, because, while not in form, they are in effect carried forward and become a part of the final determination. But orders made subsequent to the final decree bear no relation to the determination of the court therein, and are in no sense involved in the consideration of the correctness of the judgment. The question, on appeal from a decree, is whether the decree is correct or erroneous under the circumstances shown by the record. We know of no principle nor authority to the contrary, and counsel have cited none. In the case at bar the appellant was committed for the contempt many months after the court had determined and fixed all of the rights of the parties by the decree and, even were it true that the contempt proceeding was pending prior to the final decree, as seems to be argued by appellee, it culminated long afterward, was collateral to it, and bore no relation to the findings and conclusions of the court in the decree. It was more in the nature of an execution to enforce the decree than otherwise. It thus appears that the contempt judgment is not reviewable on this appeal.

3 Cyc. 229; Kellogg v. Hamilton, 43 Mich. 269; Latimer v. Morrain, 43 Wis. 107; Morris v. Niles, 67 Wis. 341; Chouquette v. McCarthy, 56 S. W. 957, Altman & Co. v. Becker, 71 N. M. 753; Diedrichs v. Stronach, 9 Wis. 548; Clay v. Waters, 178 Fed. 385; 21 A. & E. Ann. Cas. 897; Bank v. Larson, 80 Wis. 469.

In the case of Worden v. Searles, 121 U. S. 14, the dis-

tinction above pointed out is made to appear. The court said:

"We have jurisdiction to review the final decree in the suit, and all the interlocutory decrees and orders. These finds were directed to be paid to the plaintiff. We say nothing as to the lawlessness or propriety of this direction. But the fines were in fact, measured by the damages plaintiff has sustained and the expenses she had incurred. There were incidents of his claims in the suit."

The fines in that case were all imposed prior to the final decree and were awarded to the plaintiff as a part of his recovery against the defendant for having infringed a patent. They were consequently, necessarily involved. in determining the rights of the parties as fixed in the decree.

In the case of Gompers v. Bucks Stove & Range Co., 221 U. S. 418, the Supreme Court of the United States. entertained an appeal taken directly from the judgment in contempt, committing the parties to a term of imprisonment. The judgment was reversed upon the ground that it was really a criminal contempt, which it sought to punish in a civil proceeding, and the rights of the defendants having in various ways been invaded on the trial, the judgment could not be allowed to stand.

In Clay v. Waters, supra, the court says:

"A judgment against the party to a suit in equity for a civil contempt committed therein before final decree, is reviewable by appeal from the decree only * * * A judgment against a party in a suit in equity for a civil contempt committed after the decree, is reviewable by appeal."

These expressions would seem to indicate that the court held that the time when the contempt is committed is determinative of the question as to whether the judgment can be reviewed on appeal from the final decree, or whether it must be reviewed on the direct appeal from the judgment itself. An examination of the authorities cited in support of these two propositions, however, would indicate that the time when the proceeding and judgment in contempt occurred is determinative of the former proceed-

ing for review of the judgment. We so interpret the decision.

It is not appropriate to say, in this connection, that we know of no reason why judgments in contempt should not be reviewable the same as any other judgment. They often, and in facts usually, involve some of the highest rights of the citizen. Our conclusion in this case, is, therefore, not controlled in any degree by desire to curtail the right of review in such cases.

The judgment in contempt, not being before us, and finding no error in the decree in the case, the judgment of the lower court will be affirmed, and it is so ordered.

### SYLLABUS (BY THE COURT).

