[No. 2308, Aug. 11, 1919.]
## SPRINGER v. WASSON.

### SYLLABUS BY THE COURT.

1.   A statement of a material fact, appearing in the briefs of both parties and admitted to have been of stipulation in the trial of the case in the district court, will be treated as a stipulated fact in this court, although not appearing in the transcript.          P. 382

2. The redemption of real estate from an execution sale by a judgment debtor estops him from questioning the validity of such sale.        P. 383

3. Title in the purchaser of real estate purchased at an execution sale as against the execution debtor is prima facie proven by the introduction in evidence of a valid judgment, an execution issued thereon and return showing a sale, and the sheriff's deed duly executed.        ' P. 384

4. The district court has, independently of the statute, the power to restore its lost records either before or after judgment; and such restored records will have the same force, effect, and evidentiary value as the originals, if existing.

P. 384

5. In a collateral proceeding, an order and judgment of the district court restoring its lost records cannot be successfully attacked upon the ground that a party to such suit had not been served with notice of such motion and given an opportunity to contest the same, in the absence of evidence of such facts; but the presumption will be indulged, when so attacked, that the order and judgment were entered with due regard to the proper practice and procedure.        P. 384

6. It is error for the court to admit in ·evidence affidavits of officers and others tending to prove the regularity of a sale under execution; but, no evidence of irregularities appearing in the record, and there being sufficient testimony exclusive of such affidavits with which to support the court's findings that such sale was valid, such error becomes harmless. P. 385

7. Where a material fact is omitted from those alleged in a complaint, but is fully litigated without objection as if said fact had been put in issue by the pleadings, it is the duty of the trial court, and this court on appeal, to treat the complaint as having been properly amended in aid of the judgment.        P. 385

8. **Held**, in this case, there is substantial evidence to support the findings of the court: (1) That appellant unlawfully detained the real property involved; (2) that a sufficient notice to quit was served three days prior to suit; (3) that appellee should recover the damages adjudged to him.        P. 386

9. The findings of fact made by the trial court, will not be disturbed on appeal, where he heard the witnesses testify, if such findings were supported by substantial evidence. P. 386

Appeal from District Court, Quay County; Leib, Judge.

Action of forcible entry and detainer by W. R. Springer against J. R. Wasson. Judgment for plaintiff, and defendant appeals. Affirmed.

## STATEMENT OF FACTS.

This is the second appeal of this case. Springer v. Wasson, 23 N. M. 277, 167 Pac. 712. Plaintiff (appellee herein) recovered judgment against the defendant (appellant herein) in the justice of peace court for precinct No. 1, Quay county, for the possession of two lots in the city of Tucumcari, on which a garage was situated, and for damages, and likewise in the district court on appeal upon trial de novo. This court reversed the judgment of the district court and ordered a new trial. Upon a second trial in the district court, judgment for possession and damages was again entered for the plaintiff, from which defendant (appellant) prosecutes this appeal.

H. H. McELROY, of Alamogordo, for appellant.

R. A. PRENTICE, of Tucumcari, for appellee.

## OPINION OF THE COURT.

BRICE, District Judge. This action was begun in precinct No. 1, Quay county, by filing with the justice of the peace thereof on August 3, 1915, a written complaint containing the following allegations:

"On this 3d day of August, A. D., 1915, personally appeared Wilson R. Springer before the court of Samuel McElroy, justice of the peace in and for precinct No. 1, of the county of Quay, in the state of New Mexico, and after being duly sworn in conformity with law states: That James R. Wasson, of the city of Tucumcari, Quay county, New Mexico, by force, intimidation, fraud, and stealth, has entered into the lands and tenements of Wilson R. Springer, to wit, lots one (1) and two (2) of block sixteen (16) of the original townsite of the town (now city) of Tucumcari, Quay county, New Mexico, and continues in possession of the said premises after a sale thereof by execution, not claiming title derived from the purchaser at the sale, and that this happened in the city of Tucumcari, Quay county, New Mexico, on the day and date last above mentioned.                              "W. R. Springer."

Plaintiff claimed title to two lots in the city of Tucumcari by virtue of a sheriff's deed based upon an execution sale to enforce payment of a judgment in favor of the plaintiff and against the defendant (appellant

and appellee respectively herein) duly rendered by the district court of Quay county in cause No. 1456, on the docket of said court, wherein appellee herein was plaintiff and appellant was defendant.

There are 42 assignments of error filed in this court. Many issues are raised by two or more assignments, and many assignments are plainly without merit. We will consider only such alleged errors as are necessary to the determination of the case, and all other assignments have been reviewed and found to be without merit.

[**1**]   Assignments of errors Nos. 1 to 15, inclusive, 30, 35, 36, 38, 39, 40, and 41 are based upon alleged errors of the trial court in the admission of testimony, both oral and documentary, tending to prove appellee's title by virtue of the sale under execution hereinbefore referred to and other alleged errors by the court in sustaining appellee's title to said lots. These assignments of error will first be considered together.

It is stated by appellee in his brief:

"The court in this case found that appellee was entitled to damages in the sum of $60 per month for the period from July 27, 1915, to April 12, 1916, amounting in the aggregate to $492. The reason that the 12th day of April, 1916, was specified was that on that day the appellant redeemed the property from appellee from under the sheriff's sale theretofore made of the property, and it was agreed that no claim would be made for rent after the period of redemption."

There is no evidence of the above important facts in the record, but appellant in his reply brief, presumably referring to the above, uses the following language:

"As a matter of fact, a stipulation is filed showing the period for which rent can be claimed, and of course, when Mr. Wasson later on redeemed the property from the execution sale, he had the right to the possession and rents."

It will be taken as a fact that a stipulation was filed as stated, and that appellant redeemed the property from the sale under execution on the 12th day of April, 1915.

"Statements of fact made by counsel in a brief, if undis-

puted, can be considered by us the same as an admission made on the trial of the case." Territory v. Board of County Commissioners, 13 N. M. 89, 79 Pac. 709.

[2] The sale under execution was made on the 27th day of July, 1915, and the property bought in by appellee, and redeemed from such sale by appellant on the 12th day of April, 1916. Whether or not the appellant, by redeeming the property from the execution sale, was estopped from questioning the validity of such sale, was not before the court in the former appeal, nor is it raised herein, but may properly be determined in deciding the merits of the said assignments of error. The act of redeeming the property from execution sale by the appellant estopped him from collaterally questioning the validity of such sale.

"The sheriff's sale under which Shaw claims title was made May 18, 1878. On the 14th day of February, 1879, plaintiff deposited with the clerk of the court an amount sufficient to redeem the land from the sale. It will be remembered that the deed was made up on the day of sale, and the right of redemption denied on the ground that defendant Henckley had appealed the case wherein judgment was rendered to the Supreme Court. Plaintiff, having made the deposit of money to redeem the land, cannot set up an equity under the original contract for the acquisition of town property to defeat the sale. By her effort to redeem from the sale she admits that it was valid, and that the land was subject to the judgment against Henckley. We are therefore relieved from the duty of considering her claim that the land was not subject to sale upon the judgment." Thayer v. Coldren, 57 Iowa, 112, 10 N. W. 301.

In the case of Payment v. Church, 38 Mich. 777, it appears an execution was issued on an irregular judgment, and levied on certain property. The execution debtor, thinking the sale would be valid, requested the substitution of other property, which was sold in lieu of the property levied on. Upon replevin to secure possession of the property so sold, the court said :

"The plaintiff knew that a judgment had been rendered against him and others, and that the property was being sold to satisfy the judgment. He apparently took no steps to ascertain whether the proceedings had been regular and a valid judgment rendered or not. If irregular, he  *  *  *  could have waived the irregularity, and this he might do by action as well as by words, and the effect upon the defendants would

be precisely the same whether he knew of the defective proceedings previous to the sale or not. We think the court did not err in rejecting this testimony."

"Where a sheriff's sale is void" by reason of failure to appoint appraisers, "the judgment debtor may, if he chooses, waive the invalidity of the sale, treat the sale as valid, and make it valid by suing the sheriff" on his bond. De Jarnette v. Verner, 40 Kan. 320, 19 Pac. 669.

"The rule is well recognized that the formalities required to be observed in the conduct of execution sales are designed for the protection and benefit of those interested in the property and its proceeds, and may be waived by their common consent; and the parties interested also by their acts may estop themselves from attacking the validity of the sale." 17 Cyc. 1269; Richey v. Merritt, 108 Ind. 347, 9 N. E. 368.

[3] But, irrespective of estoppel, the result must have been the same. The only evidence necessary to establish title under an execution sale is a valid judgment, execution and return showing levy and sale, and the sheriff's deed. Newell on Ejectment, §§ 104 and 110; Springer v. Wasson, 23 N. M. 277, 167 Pac. 712; Freeman on Executions, § 334; Los Angeles County Bank v. Raynor, 61 Cal. 145.

[4] The deed and judgment are not questioned, but it is urged that the copy of execution and return substituted under order of court for the lost original in said cause No. 1456 was erroneously admitted in evidence for a number of reasons assigned, none of which are well taken. The district court had, independently of the statute, the power to restore or supply its lost records either before or after judgment, and such restored records have the same force, effect, and evidentiary value as had the originals. 1 Freeman on Executions, § 56A; Freeman on Judgments, § 89; Loomis v. McKenzie, 48 Iowa, 416; Buckman v. Whitney, 28 Cal. 556; 34 Cyc. 606.

[5] There is no evidence that such order of substitution was made without notice to appellant as urged. In a collateral proceeding, where no evidence of irregularity appears, the presumption will be indulged that the order and judgment were entered according to the proper rules of practice and procedure.

[6] The court permitted to be introduced, over the objection of the appellant, restored copies of the appraisers' report and published notice of sale. Aside from the power of the court to restore its lost records, so that they will have the same evidentiary value as the originals, the judgment, execution and return, and sheriff's deed were prima facie evidence at least that all ministerial proceedings relative to the sale of the property were regular; and there is no proof to the contrary. Los Angeles County Bank v. Raynor, supra; 17 Cyc. 1243; 3 Freeman on Executions, §§ 362, 334.

"Errors and irregularities must be corrected by a direct proceeding. If not so corrected, they cannot be made available by a collateral attack. Hence an execution sale cannot be collaterally avoided because  *  :  *  of irregularities or deficiencies in the advertisement,  *  *  *  nor for defects in the levy.  *  *  *  If the sheriff's return fails to state whether or not the land was appraised before it was sold, the presumption, in the absence of any other evidence on the subject, must be indulged that the sheriff did his duty in regard to such appraisement." 3 Freeman on Executions, § 339.

If there was error in the admission of these documents in evidence, which we do not decide, it was harmless, as appellee's title was sufficiently proved without them, and there was no proof on part of appellant of any irregularity in the proceedings to sell the property.

The admission in evidence of certain affidavits tending to prove the regularity of the sale was assigned as error, and such is probably true; but the presumption that the sale was regularly made in the absence of proof to the contrary, renders such error harmless. Appellee's title was proved completely without reference to such affidavits.

[7] It is contended that the complaint did not contain allegations of fact sufficient to constitute a cause of action. If this were true, no advantage was taken of it in either the justice of peace court or district court in any of the trials. Appellant having gone to trial on the complaint, and all questions necessary to a complete determination of this cause having been litigated, and upon

such issues evidence having been introduced by both parties, and no objection to evidence made on account of a defective complaint, the district court and this court will treat the complaint as sufficiently amended to support the judgment. Canavan v. Canavan, 17 N. M. 503, 131 Pac. 493, Ann. Cas. 1915B, 1064; Bank of Commerce v. Telegraph Co., 19 N. M. 222, 142 Pac. 156, L. R. A. 1915A, 120; Dailey v. Fitzgerald, 17 N. M. 137, 125 Pac. 625, Ann. Cas. 1914D, 1183; Telegraph Co. v. Longwill, 5 N. M. 316, 21 Pac. 339.

[8, 9] It is contended that there was not substantial evidence to prove: (1) A forcible entry; (2) an unlawful detainer; (3) that a sufficient notice to quit was served on defendant at least three days before suit was filed; (4) that defendant had possession of said property at any time between the 27th day of July, the date of sale, and the 3d day of August, the date the suit was filed; (5) the damages recovered.

We find upon examination of the record that there is substantial testimony to support the findings and judgment of the court. It was unnecessary to prove a forcible entry; proof of an unlawful detainer was sufficient. There was evidence to the effect that during the time mentioned the doors were all locked or hooked, and possession could not have been obtained without the use of force; that defendant claimed to be the owner of the property; that the building was being used by him for storage purposes; that a few days later he rented it, and collected the rents for some months. From these facts the court might well infer he was in possession and detaining the property unlawfully, if he was served with the proper notice to quit and failed to surrender the premises. Freeman on Executions, § 350. The remaining in possession after execution sale gave the right of action under the statute. Code 1915, § 2384. The evidence is conflicting as to whether or not a sufficient notice was served; but there is substantial evidence, though not very satisfactory, that the notice was served July 30th, that it was signed by the plaintiff, and that it com-

plied with the statute as to contents. The admissions in the brief quoted herein, together with other evidence, is sufficient basis for the damages. There was proof that the rental value was $30 per month, and testimony from which the court could infer that defendant was in possession from July 29, 1915, to April 12, 1916, the date it was redeemed, and double rental value was allowed from this time.

Finding no substantial error in the record, the judgment of the district court should be affirmed; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.