102 P.2d 896

**HERINGTON v. HERRERA et al.**

No. 4546.

Supreme Court of New Mexico.

May 6, 1940.

Rehearing Denied June 3, 1940.

Mechem & Mechem, of Las Cruces, for appellants.

R. R. Posey, of Las Cruces, for appellee.

BICKLEY, Chief Justice.

The issue here presented involves the question of whether, under the pleadings and the facts, the trial court was correct in refusing permission of appellants to introduce evidence of an equitable defense to appellee's suit in ejectment, under a general denied. ·

Appellee Herington sued in ejectment to recover of appellants, the Herreras, possession of land which appellee claimed to own by recent purchase. She pleaded more fully than is required by statute for suits in ejectment (Sec. 105-1804, N.M. Comp.Laws 1929), undertaking in her complaint to set up and show her chain and muniments of title from appellants. It is questioned whether she did in fact show a complete title, because of the possible omission of the last link in the chain, viz., that showing a conveyance to appellee from her immediate predecessor in title. But a permissible interpretation of plaintiff's pleading is that she did claim directly under the immediate predecessor in title as set forth in her chain of title. The court apparently so interpreted the pleading because he relied, in the course of the proceedings, upon the controlling principles we find applicable in cases: "where the pleader sets forth substantially the title upon which he is going to rely to establish his right of possession."

We have said that we will follow the trial court's construction of an ambiguous pleading. Johnson v. City of Santa Fé, 35 N.M. 77, 290 P. 793; Summerford v. Board of Com'rs of Dona Ana County, 35 N.M. 374, 298 P. 410. Appellants, as defendants below, did not plead specially to the complaint, but relied upon their general denial as sufficient to entitle them to show any defense available to them. The court denied them this right, judgment was entered for appellee upon directed verdict, and this appeal was taken.

Had appellants been permitted to introduce evidence in their attack upon the title of appellee, they would have undertaken to show that the deed from them to their immediate successor in title, one De Soto, was procured by fraud, duress and undue influence, and that appellee had notice thereof before purchasing.

The trial court refused to permit appellants to show the equitable defense offered upon the ground that appellee, having pleaded here all her muniments of title, showing upon what she would rely in her suit, appellants could not rest upon anything less complete than an answer specially setting forth their defense. Appellee relies upon Chilton v. 85 Mining Co., 23 N.M. 451, 168 P. 1066, L.R.A.1918F, 243; Hoskins v. Talley, 29 N.M. 173, 220 P. 1007; Garcia v. Leal, 30 N.M. 249, 231 P. 631, as having settled the law. Appellants do not doubt the force of these decisions, but question their application here.

The trial court took the view that, while Sec. 105-1804 did not require appellee to

set out definitely her muniments of title, but she having done so, appellants were then required to plead specially their equitable defenses thereto; that they must show specifically upon what they rely to destroy the validity of any deed in the chain of title to defeat appellee's right.

Sec. 105-1804, N.M.Comp.Laws 1929, under which this action is brought, reads: "It shall be sufficient for the plaintiff to declare in his complaint that on some day, named therein, he was entitled to the possession of the premises, describing them; and that the defendant, on a day named in the complaint, afterwards entered into such premises, and unlawfully withheld from the plaintiff the possession thereof, to his damage for any sum he may name."

We said in Canavan v. Canavan, 17 N.M. 503, 131 P. 493, Ann.Cas.1915B, 1064 (in the syllabus by the court) that "where a material, even jurisdictional, fact, * * * is as fully litigated, without objection, as if said fact had been put in issue by the pleadings, it is the duty of the trial court and of this court on appeal to amend the complaint in aid of the judgment so as to allege the omitted fact."

Appellants admit that the deeds introduced by appellee (to which there was not interposed any objection that not all of such deeds were pleaded and relied upon as a part of the chain and muniments) were sufficient to vest title in appellee, if not successfully attacked. Appellants likewise concede the complaint itself properly pleaded and brought the chain of title all the way from appellants through one De Soto to one Cruz Garcia, appellee's immediate predecessor in title.

It is important to note that the one equitable defense upon which appellants would rely and which was denied them is, that the deed which De Soto secured from appellants was obtained by fraud, duress and misrepresentation, of which appellee had notice. So, when appellants admit, as they do, that the complaint set out sufficiently the muniments which would bring the title as far as Cruz Garcia, and therefore from appellants through De Soto; and, that it omits only the last link, that of bringing the title to appellee, then, for another and additional reason they may not complain. It could scarcely be said that appellants were not sufficiently advised by the complaint of the muniments of title relied upon, and that one of them was the deed from appellants to De Soto. They should have answered as required under the general rule, and as we have said must be done under such circumstances. Chilton v. 85 Mining Co. supra; Hoskins v. Talley, supra, and Garcia v. Leal et al., supra.

Certainly appellants knew that appellee was going to rely upon the title from De Soto to Garcia. This link, relied upon by appellants as weak and vulnerable because of the equitable defenses by which they were proposing to assault it, having been sufficiently pleaded, appellants were, therefore, bound to have known that it could not thereafter be circumvented or

avoided by appellee. They knew that she was bound by the title thus pleaded and relied upon and as evidenced by these deeds, and unaided under the circumstances, by the allegation that she was the owner in fee simple. Oliver v. Enriquez, 17 N.M. 206, 124 P. 798.

██ Appellants argue that, granting the description in the complaint to embrace all but the last link in the chain, still they should not have been required to plead other than by general denial, absent a showing of a complete chain of title. We cannot agree with this contention. Appellants knew the one defective link upon which they themselves would rely in their defense was the deed from them to De Soto. There is no question but that this particular deed was sufficiently set out. That is admitted when appellants say the title pleaded was brought down to Cruz Garcia. They also knew that though the title set up in the complaint be incomplete, appellee could show a complete title by proof, absent objection thereto; and the complaint would thereby be considered as amended to include the omitted and necessary allegation. Canavan v. Canavan, supra. Appellee made complete and connected proof of this record title without objection, notwithstanding the complaint may have been deficient in pleading title. Objection might have been urged with effect, if appellants could have shown surprise or prejudice. The matter of permitting amendments over objection rested in the discretion of the court, of course. Sec.

105-605, N.M.Comp.Laws 1929; First Nat. Bank v. Speed, 15 N.M. 1, 99 P. 696; Gurule v. Duran, 20 N.M. 348, 149 P. 302, L.R.A.1915F, 648; Klasner v. Klasner, 23 N.M. 627, 170 P. 745; Rapp v. Board of Education of City of Las Vegas, 34 N.M. 526, 284 P. 761.

██ It is to be regretted always when litigants cannot present the defense upon which they would rely, and which might be ample for the purpose. Yet, it cannot be said that the rule here invoked works particular hardships. We know the general rule to be that all such equitable defenses must be specially pleaded in the absence of a statute such as we have in Sec. 105-1804, supra; 10 R.C.L. 842; Garcia v. Leal et al., supra. This is an exception to this almost universal rule; it applies frequently in actions of ejectment, and like actions, where there is, as in our statute, specific provision for such modified form of pleading.

We said in Hoskins v. Talley, supra [29 N.M. 173, 220 P. 1010], that there was a reason for the rule not applying to a suit in ejectment, because the plaintiff is not required "to plead the title upon which he relies for his right of possession, and the facts upon which he relies to establish his title are unknown to defendant until proof is submitted." So, it may be said, since reliance would be upon the general rule but for such modification, we face squarely the import and force of such rule where plaintiff has disclosed her hand. She has set out, not only the foundation supporting,

but the complete structure embracing, her claim to title. She ought not, therefore, to be taken by surprise with the proof of the answering defendants. Reliance upon a general denial here would afford appellants a refuge for concealment, an excuse for non-disclosure, absent now all excuse for it.

We said in Garcia v. Leal, supra [30 N. M. 249, 231 P. 636]: "It is a general rule that [equitable] estoppel, to be available, must be specially pleaded, if there has been an opportunity for so doing."

And further commenting upon the statutory provision permitting this modified form of the complaint in such suits, and holding that the facts then under consideration did not come within the exception set out in Hoskins v. Talley, supra, said: "This exception should be limited to the reason which gives rise to it, and if it is desired to urge an estoppel against a claim which has been specifically alleged, the facts constituting such estoppel should be pleaded. 10 R.C.L. 843."

The rule is laid down in 19 Am.Jr. 843, Par. 189, that "A defendant who relies upon equitable estoppel to sustain his claim must set up the matter by answer in the suit of his adversary * * *."

We quoted with approval in the Chilton case, supra [23 N.M. 451, 168 P. 1068, L.R.A. 1918F, 243], which was a suit in ejectment, the following language from Bartleson v. Munson, 105 Minn. 348, 117 N.W. 512: "When a complaint merely alleges title in the plaintiff, the defendant may, under a general denial, prove any fact the existence of which necessarily negatives the allegation that the title is in the plaintiff; but, when the plaintiff sets out in detail the specific facts on which his title rests, defendant under a general denial can only disprove the facts specifically pleaded."

The judgment is correct and should be affirmed, and it is so ordered.

BRICE, SADLER, and MABRY, JJ., concur.

ZINN, J., did not participate.