197 P.2d 435

**EDWARDS v. ERWIN.**

**No. 5086.**

Supreme Court of New Mexico.

Sept. 11, 1948.

W. C. Whatley and T. K. Campbell, both of Las Cruces, for appellant.

R. R. Posey, of Las Cruces, for appellee.

SADLER, Justice.

The plaintiff below, who is appellee and cross-appellant here, sued to foreclose a mechanic's lien on a house and lot in Las Cruces, Dona Ana County, New Mexico. Judgment went for plaintiff, although the amount adjudged due was less than that claimed. Accordingly, the defendant appealed and the plaintiff took a cross-appeal. Both feel aggrieved at the amount for which the lien was foreclosed, the defendant asserting it is too much—the plaintiff, too little. We are asked to resolve their controversy.

The plaintiff sued on a verbal contract for construction of the house to be used for residence purposes on a lot owned by the defendant. According to the complaint, which he supported by his testimony, the house was to be built by the plaintiff and the defendant was to pay at the cost price for the materials and labor going into the construction, plus the customary ten (10) per cent. of total cost of the materials and labor, the latter to serve as plaintiff's compensation. In other words, it was what is commonly called by the craft a "cost plus" job. Payment was to be made from time to time as the work progressed, and was so paid according to the complaint, leaving a balance unpaid upon completion of the building in the sum of $1479.47, for which recovery and foreclosure were prayed.

The defendant, for his defense, pleaded that the plaintiff had agreed to construct the house for a fixed price of $2900 and furnish all the materials, later asserting inability to furnish bathroom and plumbing fixtures, which the defendant claimed he supplied and paid for along with many other items, at a total cost of $1036.46. Notwithstanding all this the defendant, so he alleged, had offered to pay the plaintiff $1049 in addition to the sum of $2450, already paid him. In answering, the defendant expressed a willingness to pay this amount into court in full satisfaction of the plaintiff's demands.

After trial upon the issues made up as aforesaid, the court announced it would render judgment for plaintiff for the full amount claimed less a plumbing bill of $230.55, which it was agreed the defendant should have credit for. Thereafter, yet before any findings had been made or conclusions announced, the court called in the parties and dictated the following statement into the record, to-wit:

"The Court: The Court withdraws its opinion heretofore given, before any findings of fact are made or decree entered, and now holds as follows: That according to plaintiff's Complaint herein the work was to be done by him for the defendant, have the materials and supplies furnished and have the labor performed at the cost price plus ten percent of the total cost price of materials, supplies and labor on the part of the defendant. In his Answer and also in the proof the plaintiff was to do the work

according to specifications and to furnish all labor and materials required in the construction and completion of said building for between $2800.00 and $2900.00. According to changes made by the parties in their pleadings and also by their evidence there was no meeting of the minds of the parties as to the cost price of the labor, materials, etc. On that account the plaintiff's remedy should be on the basis of quantum meruit and if sufficient testimony has not already been submitted the case will be held open until further testimony is submitted to the Court."

The parties, deeming that evidence appropriate to an award on the basis of a quantum meruit had not been introduced, came again before the court a month later for an adjourned hearing. Both sides introduced testimony and examined and cross-examined witnesses touching the reasonable value of services, labor and material going into the construction of the building. There was no objection from any source, or from either party, on the ground that such testimony was not within the issues or was inadmissible upon the pleadings as they stood.

When the parties had finished introducing testimony, the trial court filed its formal decision in the case consisting of findings of fact and conclusions of law. Briefly summarized they were to the effect that, due to misunderstanding of the parties, there had never been any meeting of the minds upon the terms under which the building should be constructed; that, nevertheless, the plaintiff having proceeded to construct the same with the defendant's knowledge and consent, was entitled to recover on the basis of a quantum meruit. Aside from what has been said of the findings and conclusions, the court found and concluded as follows:

"6. The Court further finds that the labor and materials furnished by plaintiff and used in the construction of the said building amounted to the sum of $3499.50 and that the defendant has paid the sum of $2450.00, as well as the cost of the plumbing, amounting to $230.55, leaving a balance due from defendant to plaintiff of $818.95, together with interest at six percent per annum from date of completion of the building.

"Conclusions of Law

"1. That as there was no meeting of minds of plaintiff and defendant as to the charges for labor and materials to be furnished in the construction of the building, plaintiff is entitled to recover on the basis of the value of such materials and labor so furnished by him, and deducting the said payments so made by the defendant leaves a balance due of $818.95, together with interest of six percent per annum from date of completion of the building.

"2. In addition the plaintiff is entitled to $25.00 for making and filing claim of lien dated the 27th of August, 1946, and also

$100.00 attorney's fee for services of plaintiff's attorney in this cause, including what may be required for foreclosure of the lien.

"3. The Court further finds that the said balance due with interest is a valid and subsisting lien against the property of the defendant described in the complaint and also in the builder's lien."

The judgment entered followed the findings and conclusions, both as to amount adjudged due and the establishment and foreclosure of the mechanic's lien set up in the complaint. Both parties complain of the judgment and by appeal and cross-appeal seek to reverse it.

- Two errors are assigned by the defendant as appellant, (1) that the court erred in holding there had been no meeting of the minds on terms of an express contract and (2) that even if the trial court properly held there was no meeting of the minds, there was no substantial evidence to support the trial court's finding on a quantum meruit basis. Although the two errors assigned are as just stated, the two points argued are as follows:

"Point I. Where an action was brought on an expressed contract, the burden was on the plaintiff to establish and prove the contract and on failing to do so he could not recover on a quantum meruit.

"Point II. The Court erred in holding that the plaintiff was entitled to recover anything from the defendant, because, after deciding that that was no meeting of the minds of the parties, there was no evidence to support the finding that plaintiff was entitled to anything above what he had been paid."

Counsel for defendant introduces his argument under this point in the following vein, to-wit:

"Defendant's first point is based upon the proposition that where a cause of action has been brought on an expressed contract there can be no recovery on quantum meruit. The proposition is one of first impression in this jurisdiction as far as counsel have been able to determine."

It is a complete answer to this argument to point out, assuming it to be correct there can be no recovery on an implied contract where the action is laid on an express contract (and there is ample authority to support the proposition, 17 C.J.S., Contracts § 569, p. 1203), nevertheless, where the parties litigate without objection on the basis of a quantum meruit, here the complaint will be deemed amended accordingly, as though originally so framed. Canavan v. Canavan, 17 N.M. 503, 131 P. 493, Ann.Cas.1915B, 1064. That is exactly what happened below. Following the trial judge's holding that there was no meeting of the minds, he announced he would take evidence on the reasonable value of the services rendered and the materials supplied. Both sides acquiesced in this ruling and proceeded to introduce evi-

dence, examine witnesses and otherwise conduct the case as though such had been the theory originally advanced. It is too late now to contend otherwise. Sandoval v. Unknown Heirs, 25 N.M. 536, 185 P. 282, and Springer v. Wasson, 25 N.M. 379, 183 P. 398.

■ It is next argued under Point II that in the event the court should hold, as we have, recovery permissible upon a quantum meruit, the evidence was insufficient to support the trial court's findings on that theory. We have carefully reviewed the somewhat extensive testimony taken on reasonable value of services, labor and materials supplied. Without attempting any recapitulation of it, we must hold it affords substantial support for the court's findings in this behalf. Indeed, the defendant complaining of the findings, is fortunate not to have been subjected to a larger recovery than he was.

■ We have not discussed one error assigned but not covered by any point in the argument, namely, that the court erred in finding and concluding that there was no meeting of the minds on an express contract for construction of the building. Frankly, this claim of error seems not to have been reserved below; even if it had been, when the trial court transformed the suit into one for recovery on a quantum meruit, all parties acquiesced without remonstrance or objection of any kind. It is now too late to advert to error claimed to have been committed in relation to the abandoned theory of express contract. Cf. Horton v. Atchison, T. & S. F. Ry. Co., 34 N.M. 594, 288 P. 1065. What is said disposes of cross-appeal.

Finding no error the judgment under review will be affirmed.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE, and COMPTON, JJ., concur.