315 P.2d 837

**E. F. LUVAUL, Plaintiff-Appellant,**

v.

**W. L. HOLMES and Adelaide Holmes
Defendants-Appellees.**

No. 6242.

Supreme Court of New Mexico.

Aug. 27, 1957.

George L. Zimmerman, Alamogordo, for appellant.

Shipley & Seller, J. T. Whorton, Alamogordo, for appellees.

COMPTON, Justice.

This is an action to recover the reasonable value for materials furnished in the alteration and construction of Mountain View Hotel in Capitan, New Mexico. Appellant's complaint alleged such reasonable value to be $1,130.08, and asked judgment accordingly. Appellees denied any liability whatever. They admitted, however, that some materials had been furnished by appellant and used by them, and alleged a total payment to appellant of $2,597.29,

194

being $1,467.21 in excess of the amount claimed by him. By counterclaim they alleged an overpayment of $1,467.21 and asked judgment for that amount. Answering the counterclaim, appellant admitted the payment of $2,597.29 but alleged this amount had been paid on the total indebtedness of $3,727.37.

On the issues thus framed, the cause was tried to the court. Judgment went for appellees on their counterclaim for the amount of the alleged overpayment and this appeal followed.

■ The assigned error is the refusal of the court to treat appellant's complaint as having been amended to allege that the payment of $2,597.29 by appellees was made on the total price for materials furnished, and that the amount of $1,130.08 was the *balance* due. The ruling of the court was based on the ground that such evidence was without the issues raised by the pleadings.

We think the trial court committed error. On redirect examination, appellant was asked the following question, "now it is true that you furnished more than $1130 worth of tile, is that correct?" Objection thereto was made in the following language, "Object to that, if the court please, it is contrary to the pleadings in this case". The objection was sustained, but it came too late; that proof was already in. By repeated questions propounded to him, appellant had previously testified fully as to the transaction of the parties. He had testified that he was to furnish the materials and install them for a total sum of approximately $4,000, less material consisting of sand and gravel, which was to be furnished by appellees. He had testified that he had furnished the materials only in amount of $3,727.37, and that the payment of $2,597.29 had been credited on that amount. He had testified very definitely that after making the credit, there was a balance due him of $1,130.08, the amount alleged in his complaint. Sales slips bearing W. L. Holmes' signature and showing delivery of material in amount of $3,979.50 had been admitted in evidence. Proof of credits thereon amounting to $2,597.29, likewise had been admitted previously. Further, appellant's deposition in which he testified substantially as above, was admitted in evidence by agreement of the parties. All this evidence had been admitted without objection. No motion was made to strike it either before or after the court had sustained the objection.

■ The principle is well established that where issues not within the pleadings are fully litigated without objection, the pleadings should be treated as amended by the trial court, or by this court on appeal, so as to put in issue all litigated issues. Posey v. Dove, 57 N.M. 200, 257 P.2d 541; Edwards v. Erwin, 52 N.M. 280, 197 P.2d 435; George v. Jensen, 49 N.M. 410, 165 P.2d 129; Herington v. Herrera, 44·N.M. 374, 102 P.2d 896; Canavan v. Canavan,

17 N.M. 503, 131 P. 493; Rule 15(b), our Rules of Civil Procedure, § 21–1–1(15) (b) 1953 Annotation. The rule in so far as material reads:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues.* * * *" (Emphasis ours.)

The trial court was of the opinion that because the complaint did not specifically allege a balance of $1,130.08, the evidence was not within the pleadings, hence, inadmissible. This is obvious because he suggested to appellant that he might amend his complaint so as to allege a balance only. Appellant did not amend but this was not fatal as an actual amendment need not be made. We repeat, "failure so to amend does not affect the result of the trial of these issues". Rule 15(b), supra.

The judgment will be reversed with direction to the court to set aside the judgment reviewed and proceed in a manner not inconsistent with the views here expressed.

It is so ordered.

SADLER, McGHEE and KIKER, JJ., and TACKETT, District Judge, concur.

LUJAN, C. J., not participating.